■ STATE BANK OF ALBANY, Respondent, v WILLIAM V. FIORAVANTI, III, et al., Defendants, and MARY FIORAVANTI, Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered August 25, 1977 in Fulton County, which granted plaintiff's motion to strike defendants' answer and granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon. On May 9, 1966, William and Thomas Fioravanti purchased a house and lot located in the Town of Caroga, Fulton County. At

that time, they executed their bond for the payment of $2,500 with interest to plaintiff, payable in monthly installments of $27.76. The bond was secured by a mortgage which provided, *inter alia,* as follows: "In addition to the bond or obligation above mentioned, this mortgage is intended to secure any and all further loans or indebtedness owed or to be owed by the mortgagor to the mortgagee, and it is stipulated that the maximum amount secured by this mortgage at execution or which under any contingency may be secured thereby at any time in the future shall be the original principal amount hereof." Several years later, on June 11, 1973, William and Thomas Fioravanti, in conjunction with the Jobist Realty, Inc., executed a promissory note payable to plaintiff in the sum of $68,074.56. This note was secured by another mortgage upon property designated as 77 Mechanic Street in the City of Amsterdam. Some six months thereafter, on January 4, 1974, the Fioravanti brothers conveyed the Caroga property to their mother, Mary Fioravanti. The warranty deed contained an assumption of the Caroga mortgage. At this point in time, all mortgage payments which had come due were paid. Mary Fioravanti asserts that when she assumed the mortgage the plaintiff informed her that the balance due on the mortgage was $752.29. She contends she made further payments and at some time inquired as to the balance due and was advised that the amount was $215. She paid this amount, but some time later was refused a requested discharge of the mortgage and was advised that, pursuant to the terms of the mortgage, another $2,500 was due. This was so, according to the plaintiff, because William and Thomas had defaulted at some point in their payments on the June 11, 1973 obligation, resulting in a judgment of foreclosure, thus bringing into play the spreader clause of the mortgage of May 9, 1966. When Mary Fioravanti refused to make further payment, plaintiff commenced this foreclosure action and moved for summary judgment. Special Term denied the motion but later, upon its renewal, granted the relief, and after report of a Referee, judgment was entered in favor of the plaintifff in the amount of $2,500. By answer Mrs. Fioravanti assails the validity of the future advances provision of the May 9, 1966 mortgage and asserts the affirmative defenses of payment and discharge of the debt created by the foreclosure of the June 11, 1973 mortgage by reason of the declared bankruptcy of both of the obligors, Thomas and William Fioravanti. Subdivision (3) of section 9-204 of the Uniform Commercial Code provides that obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment, and it is well settled that mortgages for future advances are valid *(Matter of Mayerhofer,* 43 Misc 2d 32). The affirmative defenses are unsupported and void of merit. Appellant's primary thrust on her appeal is that a representative or representatives of the bank made misrepresentations as to material facts, thus heralding the application of the doctrine of equitable estoppel. We have previously indicated that in order to establish an equitable estoppel the party seeking to invoke the doctrine must demonstrate the following: "The essential elements of an equitable estoppel as related to the party estopped are: (1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, they are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2)

reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially." *(Matter of New York State Guernsey Breeders' Co-op. v Noyes,* 260 App Div 240, 248.) In considering these essential elements, as related to the bank, we find no misrepresentation, concealment of material facts or intent that the imparted information be acted upon to Mrs. Fioravanti's detriment. First of all, there is nothing in this record to demonstrate that the amounts reported as due on the note by the bank were not in fact entirely accurate. Moreover, it is extremely significant that while appellant alleges that the bank misrepresented the "amount due on the mortgage", her actual and obvious complaint is revealed in her affidavit of August 4, 1977, wherein she states, "I would not have bought the property or assumed the payment of a mortgage which was bottomless". Hence, the circumstances of which she complains took place when the Caroga property was conveyed and the mortgage was assumed and, if any misrepresentation or concealment there was, it was on the part of her sons William and Thomas, or one of them or their representative. In assuming the mortgage under the circumstances presented here, appellant became chargeable with knowledge of its contents, including the provision concerning future advances. It necessarily follows then, as we turn to consider the essential elements as related to the party claiming the estoppel, the appellant, that there was no lack "of the means of knowledge of the truth as to the facts in question" for appellant had only to read the mortgage to be apprised of her responsibilities. Furthermore, as to the element of reliance, as stated by Mr. Justice Gibson at Special Term, "defendant has failed to demonstrate the primary factor of reliance, an omission made more significant by the apparent familial relationship existing between Mary Fioravanti and her grantors". Clearly, the appellant has failed to establish the essential elements which are necessary to invoke the doctrine of equitable estoppel, and summary judgment was properly granted. Appellant further argues that the plaintiff's foreclosure action must fail by reason of the absence of any description of the Caroga property as collateral for the June 11, 1973 loan taken by William and Thomas Fioravanti. This argument relies on section 9-203 (subd [1], par [b]) of the Uniform Commercial Code which renders unenforceable any security agreement lacking sufficient description of the collateral covered. However, in the instant foreclosure action plaintiff seeks to enforce the first mortgage agreement of May 9, 1966 and its future advances provision (Uniform Commercial Code, § 9-204, subd [3]). This agreement contains a sufficient description of the Caroga property. Lastly, appellant contends that the judgment of foreclosure was improperly entered because no prior notice was given to her. In our view, such notice was required (see CPLR 3215, subd [f]; 4313). However, since by clear and unambiguous terms in the mortgage the Caroga property stood as security, to the extent of the mortgage limit of $2,500, for any subsequent loans by the respondent to the Fioravanti brothers, there was and could be no damage to the appellant. This being so, no useful purpose is served by remand which would only result in the further expenditure of time, effort and money. Judgment affirmed, with costs to the respondent. Sweeney, J. P., Staley, Jr., and Main, JJ., concur.

Kane and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). It is fundamental law that the drastic remedy of summary judgment will not be applied to deprive a party of their right to a trial of the issues of fact without a clear showing that no such issues exist *(Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57). As pointed out by the majority, defendant Mary Fioravanti's defense is

based on her allegation that plaintiff misrepresented the amount due on the mortgage. In our view, the merits of this defense cannot be determined without knowing when defendants William and Thomas Fioravanti defaulted in their payments on the promissory note executed June 11, 1973, for there clearly was a misrepresentation if the default occurred prior to when plaintiff told Mary Fioravanti that $752.29 remained due on the mortgage. Accordingly, since the record does not indicate when the default on the note occurred and this fact was within the exclusive knowledge of the moving party, the motion for summary judgment should have been denied *(Utica Sheet Metal Corp. v Schecter Corp., 25 AD2d 928).*