JERALD I. HUGHSON, Respondent, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. LINDA L. KENNEY, as Limited Administratrix of the Estate of TIMOTHY B. BREWSTER, Deceased, Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.

An insurer may effectively cancel its policy by mailing a notice of cancellation to the address shown on the policy, provided that it submits sufficient proof of mailing, regardless of whether the notice is actually received by the insured (*Olesky v Travelers Ins. Co.*, 72 AD2d 924, 925). Vehicle and Traffic Law § 313 (1) (b) states that "[a] copy of a notice of termination and the certificate of mailing, when kept in the regular course of the insurer's business, shall constitute conclusive proof of compliance with the mailing requirements of this chapter". Inasmuch as the record does not include the certificate of mailing, the matter should proceed to trial, where the court may determine whether National Grange complied with the statute. (Appeal from order of Supreme Court, Monroe County, Tillman, J. —

declaratory judgment.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.