■ BARBARA PRESSMAN et al., Appellants, v WARWICK INSURANCE COMPANY et al., Respondents, et al., Defendant. [623 NYS2d 306] —In an action, inter alia, to enforce a judgment against an insurance carrier, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Richmond County (Sangiorgio, J.), dated October 20, 1993, which granted the separate motions of the defendants Warwick Insurance Company and Alpha Omega Coverage Corp. for summary judgment dismissing the complaint insofar as it is asserted against them and denied their cross motion for summary judgment.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

In June of 1989, the plaintiff Barbara Pressman sustained injury when she was allegedly forcibly removed from the Crossroads Tavern (hereinafter Crossroads), a bar owned by the defendant Michael DeVincenzo. She and her husband commenced a negligence action against Crossroads and DeVincenzo, which resulted in a default judgment in the plaintiffs' favor. The plaintiffs then commenced this action against Warwick Insurance Company (hereinafter Warwick), alleging that its March 1989 cancellation of the insurance policy it had previously issued to DeVincenzo and Crossroads was ineffective. The plaintiffs also sued Alpha Omega Coverage Corp. (hereinafter Alpha Omega) (Warwick's insurance agent through which DeVincenzo obtained insurance for Crossroads). The Supreme Court granted the separate motions of Warwick and Alpha Omega for summary judgment dismissing the complaint insofar as it is asserted against them, and this appeal ensued.

An insurance carrier "may effectively cancel its policy by mailing a notice of cancellation to the address shown on the policy, provided that it submits sufficient proof of mailing, regardless of whether the notice is actually received by the insured" (Hughson v National Grange Mut. Ins. Co., 110 AD2d 1072). Here the carrier submitted sufficient proof, in the form of a certified mail receipt, to establish that it mailed the notice of cancellation to the insured at the address shown on the insurance policy, as well as to the insurance agent. Under the circumstances of this case, the fact that the notice was returned as unclaimed does not serve to invalidate the notice, as the carrier was not thereby put on notice of the fact that the address shown on the policy was incorrect, nor was the carrier ever notified of this fact by the insured (see, Hughson v National Grange Mut. Ins. Co., supra; Olesky v Travelers Ins. Co., 72 AD2d 924). That the insurance agent mistakenly sent the insured a bill for the balance due on the premium several months after the policy was cancelled did not serve to revive the effectively cancelled contract of insurance (see, Hanover Ins. Co. v Eggelton, 88 AD2d 188, affd 57 NY2d 1020).

With respect to the cause of action against Alpha Omega, it is well-settled that where an insurance agent's negligence causes an insured to be without coverage, the agent cannot be held liable for damages sustained by an injured third party as a consequence thereof, as the third party is not in privity with

the agent and is not an intended beneficiary of the insurance contract *(see, Henry v Guastella & Assocs.,* 113 AD2d 435; *Oathout v Johnson,* 88 AD2d 1010).

Thus, Warwick and Alpha Omega were entitled to summary judgment dismissing the complaint insofar as it is asserted against them. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.