■ In the Matter of RUDOLPH FORD, Petitioner, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [624 NYS2d 875] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State

Department of Social Services, dated July 27, 1993, which, after a hearing, affirmed a determination of the respondent Commissioner of the Nassau County Department of Social Services to discontinue the petitioner's Home Relief and Medical Assistance benefits for a period of 120 days, and to discontinue the petitioner's food stamp benefits for a period of 60 days.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The Nassau County Department of Social Services (hereinafter Nassau DSS) mailed a notice to the petitioner, informing him that as part of his continuing eligibility for Public Assistance benefits he was required to appear for an interview to update his Employment Plan. The petitioner failed to appear, and also failed to timely respond to a later letter from Nassau DSS. Based on these failures, Nassau DSS disqualified the petitioner from receiving Home Relief and Medical Assistance benefits for a period of 120 days and food stamp benefits for a period of 60 days.

At the statutory fair hearing, Nassau DSS presented sufficient evidence that it followed "an established and regularly followed office procedure designed to insure that notices to claimants are properly addressed and mailed" *(Matter of Gonzalez [Ross]*, 47 NY2d 922, 923). Thus, a rebuttable presumption arose that the notice was received *(see, Matter of Gonzalez [Ross], supra)*. The petitioner failed to rebut that presumption. Accordingly, the Commissioner's determination is supported by substantial evidence. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.