■ In the Matter of the Estate of Florence Murphy, Deceased. Frank Murphy, Jr., as Executor of Florence Murphy, Deceased, et al., Appellants; Neil McBrien, Respondent. [669 NYS2d 374] —In a probate proceeding, Frank Murphy, Jr., John M. Murphy, and Charles J. Murphy as Executors of the Estate of Florence Murphy appeal, as limited by their brief, from so much of an order of the Surrogate's Court, Richmond County (D'Arrigo, S.), dated March 4, 1997, as, after a hearing concerning service of notices of claim by the respondent Neil McBrien, sustained service and granted judgment in favor of the respondent in the sum of $39,955.

Ordered that the order is modified by deleting therefrom the first decretal paragraph; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants payable by the respondent, and the matter is remitted to the Surrogate's Court, Richmond County, for a hearing in accordance herewith.

During the course of the hearing on the issue of the respondent's service of notices of claim, the respondent tendered proof of an office practice and procedure followed in the regular course of business which showed that notices had been duly addressed and mailed to each individual appellant, so that a presumption arose that those notices had been received by them (*see, Matter of Ford v Dowling,* 213 AD2d 402, 403; *City of Yonkers v Clark & Son,* 159 AD2d 535, 536). The mere conclusory denial of receipt by the appellants, standing alone, was insufficient to rebut the presumption of delivery (*see, Nassau Ins. Co. v Murray,* 46 NY2d 828, 829).

However, the Surrogate Court erred in awarding the respondent judgment in the principal amount of $39,955, representing attorney's fees. It is well established that, in determining what constitutes reasonable compensation for an attorney's services, the court must consider, *inter alia,* the time spent, the nature of the services provided (which in this case included,

but was not limited to, the question of whether the respondent was indeed an attorney for the estate or was otherwise acting on its behalf), the number of hours spent, the difficulties of the case, the amount involved, and the professional standing of counsel (*see, Matter of McCann,* 236 AD2d 405; *see also, Matter of Coughlin,* 221 AD2d 676, 677; *Matter of Bobeck,* 196 AD2d 496, 497). Here, the Surrogate's Court accepted the respondent's summary of services and fees at face value, without making any inquiry into the reasonableness of the services and fees therein. Indeed, the court never acknowledged the appellants' assertions that the respondent was not an attorney for the estate, that these fees were not premised upon any authorized legal services on behalf of the estate, and that these fees were actually incurred as a result of the respondent's services rendered in contesting the estate on behalf of his wife in another proceeding.

As such, this matter must be remitted to the Surrogate's Court for a hearing to determine the reasonableness of the attorney's fees. Pizzuto, J. P., Santucci, Joy and Friedmann, JJ., concur.