■ STEPHEN W. MICHAELS, Appellant, v TRAVELERS INDEMNITY COMPANY, Respondent. [683 NYS2d 640] —Mikoll, J. P. Appeal from an order of the Supreme Court (Teresi, J.), entered March 4, 1998 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

The sole question on this appeal is whether plaintiff, seeking

to withstand defendant's motion for summary judgment, has identified the existence of a material issue of fact as to whether defendant may be equitably estopped from denying automobile insurance coverage to him.

The facts are not in dispute. Defendant issued a renewal policy of automobile insurance to plaintiff covering the period January 8, 1997 to July 8, 1997. Plaintiff failed to pay any portion of the $799 premium billed to him in January and February 1997. On February 17, 1997, defendant sent plaintiff a "Notice of Cancellation for Non-Payment of Premium", advising that the policy would be canceled on March 14, 1997 unless payment in the amount of $804 was received on or before that date, in which event a notice of reinstatement would be sent to him. On or about March 6, 1997, plaintiff sent defendant a check in the amount of $400 which defendant deposited on March 13, 1997. Subsequently, in accordance with the cancellation notice, defendant canceled the policy effective March 14, 1997. The amount of pro rata refund to which plaintiff was entitled was calculated to be $106 and defendant sent a check to plaintiff in that amount on or about March 25, 1997. On March 24, 1997, one of plaintiff's formerly insured vehicles was involved in a property damage accident.

Plaintiff thereafter commenced this action seeking, *inter alia*, a declaration that defendant is equitably estopped from denying coverage for the March 24, 1997 accident on the ground that its acceptance of the $400 payment and 12 to 15-day delay in refunding the unearned premium to him was tantamount to a misrepresentation that his insurance remained in effect. Supreme Court granted defendant's motion for summary judgment, prompting this appeal by plaintiff.

A party seeking the protection of equitable estoppel must demonstrate the following as to the party against whom the doctrine is invoked: "(1) Conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive, of the real facts. As related to the party claiming the estoppel, [the elements] are: (1) Lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially" (*State Bank v Fioravanti*, 70 AD2d 1011, 1012-1013, *affd* 51 NY2d

638, quoting *Matter of New York State Guernsey Breeders' Coop. v Noyes*, 260 App Div 240, 248).

Applying these principles here, the record is bereft of any evidence to suggest that defendant, by its words or actions, led plaintiff to believe that his policy would not be canceled if a partial payment was made. To the contrary, it unequivocally advised him that cancellation would occur unless full payment was received by March 14, 1997. Defendant's subsequent actions were entirely consistent with the advice conveyed to plaintiff in the notice of cancellation. We are unpersuaded by plaintiff's contention that defendant's acceptance of the $400 payment and the lapse of 12 to 15 days until it calculated and refunded the unearned premium amounted to a representation that his insurance remained in effect. Defendant was not obliged to advise plaintiff that the eventuality addressed in its notice of cancellation had materialized. Further, inasmuch as plaintiff had received the benefit of insurance coverage under the policy from the period January 8, 1997 until its cancellation on March 14, 1997, he was necessarily aware that he owed premiums for this period which would be charged against his $400 payment.

We reject plaintiff's suggestion that because he tendered more than was determined to be owing, defendant was somehow obligated to provide insurance on a pro rata basis until the $106 overpayment was exhausted. Finally, the notice of cancellation expressly advised that in the event of reinstatement upon payment (of the full amount due), defendant would send plaintiff a notice of reinstatement. Plaintiff apparently made no inquiry of defendant to ascertain the status of his policy subsequent to his tender of the partial payment and, thus, cannot maintain that he lacked knowledge or the means of knowledge as to the facts in question.

Without question, summary judgment is a drastic remedy to be granted only where there is no doubt as to the existence of a triable issue. We are hard pressed, however, to identify any basis upon which to find that plaintiff has raised a triable issue of fact. While claims of estoppel most often present inherently factual questions rendering summary judgment inappropriate, this does not mean that by simply invoking the term, without more, a party may avoid the consequences of a motion for summary judgment. There must be a threshold factual showing sufficient to establish the necessary elements or at least raise a question as to whether they are established. "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of*

*New York*, 49 NY2d 557, 562). As we find plaintiff's submissions wholly lacking in making the requisite showing, summary judgment was properly granted to defendant.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed with costs.