■ WARD W. INGALSBE, JR., Respondent, v CHICAGO INSURANCE COMPANY et al., Appellants. [704 NYS2d 697] —Mugglin, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 10, 1999 in Ulster County, which, *inter alia*, granted plaintiff's motion for partial summary judgment and made a declaration in his favor.

The principal facts in this declaratory judgment action are not in dispute. Between 1984 and September 30, 1995, plaintiff, an attorney, maintained a professional liability insurance policy with defendant Home Insurance Company. This "claims-made" policy was procured for plaintiff by defendant Bertholon-Rowland Corporation (hereinafter B-R). In 1994, when Home announced that it would cease writing professional liability policies in New York, B-R successfully placed plaintiff's insurance with defendant Chicago Insurance Company. The policy with Chicago covered the period from September 30, 1995 until September 30, 1997. During the summer months of 1995, plaintiff received information from B-R of coverage to be provided and the necessity for extended reporting endorsements (hereinafter "tail" coverage).

In July 1997, plaintiff was sued for legal malpractice on the ground that on February 26, 1994, he negligently allowed the Statute of Limitations to run on a wrongful death claim. When Home and Chicago disclaimed any duty to defend plaintiff in the legal malpractice action, plaintiff instituted this action seeking, *inter alia*, a declaration that Chicago and Home have a duty to defend and indemnify him. Following the joinder of issue and discovery, plaintiff moved for partial summary judg-

ment against Home and Chicago on the issue of their respective obligations to defend. Chicago and Home cross-moved for summary judgment seeking a declaration of their lack of any duty to defend plaintiff or, in the alternative, dismissal of the complaint on the ground of appropriate denial of coverage under the respective policies. As to Home, Supreme Court found that plaintiff failed to demonstrate entitlement to coverage because he failed to assert a claim or to report facts that potentially could lead to a claim during the policy period or during any extended reporting period. The court, applying the same rationale, similarly found that plaintiff was not covered under the policy of insurance issued by Chicago. However, the court held that B-R was the agent of both Home and Chicago and, based on statements contained in an information flyer sent by B-R to plaintiff, that Home and Chicago were equitably estopped from disclaiming coverage. Supreme Court, therefore, granted plaintiff's motion and defendants appeal.

We agree with Supreme Court's conclusions that since plaintiff knew in July 1994 that he had missed the wrongful death Statute of Limitations, he had a reasonable basis upon which to report a potential claim to his malpractice carrier. Since this occurred during the period when the Home policy was in force and since no claim or potential claim was reported, there is no coverage under the Home policy. Likewise, we agree with the court that since the Chicago policy provides coverage for claims arising during the policy period or prior to the policy period provided that, *inter alia*, the insured had no reasonable basis to believe that he had breached a professional duty or to foresee that a claim would be made against him, that there is no coverage under the Chicago policy. Nevertheless, since we believe that Supreme Court improperly applied the doctrine of equitable estoppel, there must be a reversal.

In order to be entitled to equitable estoppel, plaintiff must establish that Home and Chicago engaged in conduct which amounts to false representation or concealment of material facts with the intention or expectation that such conduct would be acted upon by him and that Home and Chicago had knowledge of the real facts (*see*, *Michaels v Travelers Indem. Co.*, 257 AD2d 828, 829). To obtain the benefits of equitable estoppel, plaintiff must also prove lack of knowledge and the lack of any means to acquire knowledge of the truth as to the facts in question, reliance upon the conduct of the other party and a prejudicial change of position based upon that conduct (*see*, *id.*, at 829). Applying these principles herein and assuming, without deciding, that B-R was the agent of Home and/or

Chicago, it is apparent that the doctrine is inapplicable for several reasons.

First, to conclude as does plaintiff and Supreme Court that the flyer sent by B-R to plaintiff was false in that it asserted that "tail" insurance was not necessary requires that the flyer be read selectively and not in its entirety. The flyer specifically advised that if a claim has not been filed but there is a belief that one might "surface" from work done in the past, that it should be reported immediately to the current carrier. The flyer stated: "What should I do if a claim has not been filed, but I believe one may surface from work I am now performing or have previously performed? Please report all incidents of which you are aware to the current carrier immediately. It is imperative that you report all incidents, potential claims, actual claims or situations you believe may become a claim *prior to your renewal date*; this will ensure that all eligible claim(s) will be covered under your current policy. As part of the renewal process, we ask that you complete the claim/incident information sections of the renewal application." (Emphasis in original.) There is nothing false or misleading about this information. Moreover, since plaintiff had both policies in his possession before the Home policy expired, he had the means to acquire knowledge of the exact coverage provided by the policies. The doctrine is inapplicable for the additional reason that plaintiff can show no prejudicial change of position based upon the conduct of any defendant. Plaintiff asserts that there was no attorney-client relationship between him and the plaintiff in the malpractice action and he therefore could breach no duty owed her. If true, he would have no need for "tail" coverage and therefore would not have changed his position from needing such coverage to not acquiring it to his prejudice.

This determination renders it unnecessary for us to address the issues of whether B-R was the agent of either Home or Chicago and whether Home's cross motion seeking summary judgment dismissing the fifth cause of action wherein plaintiff sought reformation of the policy should have been granted.

As a final matter, we note that plaintiff's request for summary judgment declaring that Home and Chicago are obligated to indemnify him is not properly before us. Plaintiff's motion for summary judgment before Supreme Court was limited to a request for a declaration that Home and Chicago be required to defend him in the legal malpractice action and reimburse him for counsel fees expended in his defense to date. Since plaintiff did not seek summary judgment regarding indemnification, this issue is not properly before us (*see, Rotundo v S &*

*C Magnetic Resonance Imaging*, 255 AD2d 573, 574; *Ciesinski v Town of Aurora*, 202 AD2d 984, 985).

Cardona, P. J., Mercure and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for partial summary judgment; said motion denied and it is declared that defendants Home Insurance Company and Chicago Insurance Company did not have an obligation to defend plaintiff in the underlying malpractice action. [As amended by unpublished order entered Dec. 7, 2000.]