■ JEFFREY A. BRELSFORD, Appellant, v USAA, Also Known as UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent. (And a Third-Party Action.) [734 NYS2d 707] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered September 29, 2000 in Rensselaer County, which, *inter alia*, denied plaintiff's motion for summary judgment.

Plaintiff, a full-time student at Rensselaer Polytechnic Institute in the City of Troy, Rensselaer County, purchased an automobile in his home state during August 1998. Plaintiff obtained an automobile insurance policy from defendant for the period August 15, 1998 through February 11, 1999, and gave as his address his Troy residence during the preceding academic year, although he knew he would not be residing there during the ensuing academic year. Upon his return to school,

plaintiff failed to notify defendant of his new address. As the result of the nonpayment of premiums, defendant mailed a notice of cancellation, dated August 21, 1998,* to plaintiff's previous address, advising that the policy would be cancelled effective September 14, 1998.

As a result of vandalism, plaintiff made a property damage claim against the policy by telephone call on August 25, 1998. The claims representative admittedly knew of the mailing of the cancellation notice, but did not advise plaintiff. She was instructed to mail the claim check to the new address, and did so. Plaintiff also asserts that on September 17, 1998, he contacted defendant to provide it with his new address. Plaintiff was involved in an automobile accident on September 26, 1998 and, upon reporting this to defendant, was informed that his policy had been cancelled, effective September 14, 1998, and that no coverage was available. Plaintiff commenced this action seeking a declaration that defendant's purported cancellation of his automobile liability insurance policy was ineffective, and compelling defendant to pay the property damage claim arising out of this automobile accident. This appeal by plaintiff stems from Supreme Court's denial of his motion for summary judgment and the grant of defendant's cross motion for summary judgment dismissing the complaint.

A contract of insurance may be cancelled by its issuer for nonpayment of a premium by sending a notice of termination by regular mail to the named insured at the address shown on the policy (see, Vehicle and Traffic Law § 313 [1] [a]). As long as the insurer submits sufficient proof of mailing the notice of termination, the policy is effectively cancelled even though the named insured does not actually receive the notice of cancellation (see, Makawi v Commercial Union Ins. Co., 244 AD2d 533; Pressman v Warwick Ins. Co., 213 AD2d 386, 387; Hughson v National Grange Mut. Ins. Co., 110 AD2d 1072, 1073). Here, the record establishes that defendant strictly complied with the statutory mandates, thereby effectively cancelling plaintiff's insurance policy on September 14, 1998.

We are unpersuaded by plaintiff's three arguments for reversal of Supreme Court's order. First, plaintiff asserts that the notice of cancellation was ineffective since defendant had notice of his new address prior to the effective date of cancellation, yet failed to advise plaintiff of the notice of cancellation. As above set forth, defendant complied completely with the

---

* There is evidence (although plaintiff denied it) that a request to forward plaintiff's mail to his new address was filed with the post office on August 25, 1998.

requirements of the statute governing cancellation. Plaintiff's telephone call made some five days after notice of cancellation was mailed, but before the effective date of the cancellation, creates no new duty on defendant to send a second notice of cancellation.

Second, plaintiff asserts that principles of equitable estoppel and waiver require reversal. To be afforded the protection of equitable estoppel, a party must establish as to their adversary: " '(1) Conduct which amounts to a false representation or concealment of material facts * * * which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; (3) knowledge, actual or constructive of the real facts. As related to the party claiming the estoppel, [the elements] are: (1) [l]ack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance upon the conduct of the party estopped; and (3) action based thereon of such a character as to change his position prejudicially' " (*Michaels v Travelers Indem. Co.*, 257 AD2d 828, 829, quoting *State Bank of Albany v Fioravanti*, 70 AD2d 1011, 1012-1013, *affd* 51 NY2d 638). The record conclusively demonstrates that plaintiff's evidentiary submissions fail to establish any of the requisite elements of equitable estoppel as they apply to either plaintiff or defendant. The failure of defendant's claims representative to advise plaintiff that a notice of cancellation had been mailed does not constitute the concealment of a material fact since the notice of cancellation was not relevant to the processing of his vandalism claim. Moreover, processing the vandalism claim and paying it does not constitute a waiver of the right to cancel since this occurred prior to the effective date of cancellation.

Plaintiff's third argument is that he made partial payment of the required premium prior to cancellation. Supreme Court correctly rejected his evidence—a copy of his mother's check register—as it was not in admissible form and did not establish that a check was sent or received, or to what policy it was to be applied.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.