■ Thomas J. McGuiness et al., Respondents, v Shamrock Auto Center et al., Defendants, and Sam's Transmission, Inc., Doing Business as 106 Sam's Transmission et al., Defendants and Third-Party Plaintiffs-Respondents. CNA Commercial Insurance, Third-Party Defendant-Appellant. [756 NYS2d 76] —In an action to recover damages for personal injuries, etc., and a third-party action for a judgment declaring that the third-party defendant is obligated to defend and/or indemnify the third-party plaintiffs in the main action, the third-party defendant appeals from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated March 7, 2002, as denied that branch of its motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the third-party defendant is not obligated to defend and/or indemnify the third-party plaintiffs in the main action.

The third-party defendant, CNA Commercial Insurance (hereinafter CNA), established its entitlement to judgment as a matter of law by submitting evidence that the subject Garage Keeper's liability policy was cancelled effective January 10, 2000, for nonpayment of premiums. In opposition, the defendant third-party plaintiff, Sam's Transmission, Inc., doing business as 106 Sam's Transmission (hereinafter Sam's Transmission), failed to raise a triable issue of fact regarding the proper cancellation of the policy. Specifically, in its third-party complaint, Sam's Transmission admitted receipt of CNA's notice of cancellation dated December 22, 1999, which warned that the policy would be cancelled effective January 10, 2000, if payment was not made within 15 days of the date of the notice,

i.e., by January 6, 2000. Sam's Transmission attempted to make a payment to its own broker, not an agent of CNA, on January 7, 2000, one day too late. Accordingly, CNA properly cancelled the Garage Keeper's policy and applied the payment to a different policy in effect between the parties (*see* Insurance Law § 3426; *Michaels v Travelers Indem. Co.,* 257 AD2d 828 [1999]). Therefore, the Supreme Court erred in finding that issues of fact existed precluding summary judgment.

The plaintiffs' contentions are without merit.

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that CNA is not obligated to defend and/or indemnify the third-party plaintiffs in the main action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.