■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v JOSEPH FRANCE et al., Respondents. NATIONWIDE MUTUAL INSURANCE COMPANY, Proposed Additional Respondent. [887 NYS2d 208]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Archer, Ct. Atty. Ref.), dated October 10, 2008, which, after a framed-issue hearing, determined that Nationwide Mutual Insurance Company validly cancelled its insurance policy prior to the subject accident and, in effect, denied the petition.

Ordered that the order is affirmed, with costs.

The petitioner Eveready Insurance Company commenced this proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim on the ground that the vehicle involved in the subject accident was insured by Nationwide Mutual Insurance Company (hereinafter Nationwide) on the date of the accident. A framed-issue hearing was subsequently held on the issue of whether Nationwide validly cancelled the policy covering the vehicle prior to the accident. Contrary to the petitioner's contention, Nationwide established at the hearing that it followed an office practice and procedure geared to ensure that a notice of cancellation is properly addressed and mailed, which gave rise to a presumption of receipt (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830 [1978]; Badio v Liberty Mut. Fire Ins. Co., 12 AD3d 229, 230 [2004]; Matter of Murphy, 248 AD2d 475 [1998]). Accordingly, the Supreme Court properly determined that Nationwide validly cancelled its insurance policy prior to the subject accident and, in effect, denied the petition.

The petitioner's remaining contentions are without merit. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.