■ In the Matter of AUTO ONE INSURANCE COMPANY, Appellant, v ROGER C. FORRESTER et al., Respondents, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent. [911 NYS2d 660]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Kings County (Kurtz, Ct. Atty. Ref.), dated September 17, 2009, which, inter alia, denied that branch of the petition which was to permanently stay arbitration.

Ordered that the order is affirmed, with costs.

While the initial burden of demonstrating a valid cancellation of an insurance policy is on the insurance company which disclaims coverage, once that insurance company makes a prima facie showing that it timely and validly cancelled coverage, the burden shifts to the party disputing coverage to establish noncompliance with statutory cancellation requirements as to form and procedure (see GEICO Indem. v Roth, 56 AD3d 1244, 1245 [2008]; Matter of State Farm Mut. Auto. Ins. Co. v Cherian, 202 AD2d 434, 435 [1994]). Here, the facts stipulated to by the parties, together with the evidence offered by State Farm Mutual Automobile Insurance Company, were sufficient to demonstrate, prima facie, that it timely and validly cancelled the automobile insurance policy issued to the owner of the offend-

ing vehicle (*see GEICO Indem. v Roth*, 56 AD3d at 1245; *Matter of State Farm Mut. Auto. Ins. Co. v Cherian*, 202 AD2d at 435; *see also Matter of Progressive Northeastern Ins. Co. v Robbins*, 279 AD2d 631, 632 [2001]). The burden thus shifted to the petitioner insurance company to establish noncompliance with statutory cancellation requirements. Contrary to the petitioner's contention, it did not sustain its burden here because it failed to demonstrate that the subject notice of cancellation failed to comply with the statutory requirements of either Vehicle and Traffic Law § 313 or Insurance Law § 3425 (c) (1) (A). Accordingly, the Supreme Court properly denied that branch of the petition which was to permanently stay arbitration. Skelos, J.P., Balkin, Eng and Austin, JJ., concur.