Maki v Northland Ins. Co. (2019 NY Slip Op 05607)





Maki v Northland Ins. Co.


2019 NY Slip Op 05607


Decided on July 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 11, 2019

526892

[*1]FRANK MAKI, Appellant,
v
NORTHLAND INSURANCE COMPANY, Respondent, et al., Defendant.

Calendar Date: June 4, 2019

Before: Garry, P.J., Egan Jr., Rumsey and Pritzker, JJ.


Frank Maki, Walton, appellant pro se.
Kenney Shelton Liptak Nowak LLP, Buffalo (Aalok J. Karambelkar of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Lambert, J.), entered April 6, 2018 in Delaware County, which, among other things, granted a motion by defendant Northland Insurance Company for summary judgment dismissing the complaint against it.
Pursuant to an arrangement in which plaintiff agreed to lease his truck to and work for a transportation company as an independent contractor, he was obliged to obtain a commercial automobile liability insurance policy. Plaintiff purchased the insurance policy through defendant Mang Insurance Agency, LLC, a retail insurance broker, which consulted with an insurance wholesaler. Plaintiff ultimately purchased a policy issued by defendant Northland Insurance Company (hereinafter defendant) for the period August 7, 2008 to August 7, 2009. Plaintiff was issued proof of insurance, which allowed him to enter into the lease agreement, and he was instructed to provide Mang with a complete copy of the lease agreement and his vehicle registration. Although plaintiff alleges that he gave a full copy of the lease to Mang on several occasions, defendant never received the complete copy and subsequently canceled the policy and refunded plaintiff's premium. Thereafter, plaintiff was involved in an accident that left him injured and his truck damaged. Plaintiff attempted to file an insurance claim and was informed that the policy had been canceled.
Plaintiff commenced this action asserting claims for breach of contract and fraud against, among others, Mang and defendant. After several defendants successfully moved to dismiss the complaint, which order was affirmed on appeal (145 AD3d 1228 [2016], appeal dismissed 29 NY3d 943 [2017]), the only claims remaining are a claim for breach of contract against defendant and claims for breach of contract and fraud against Mang. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it and plaintiff cross-moved to stay the motion to allow further discovery. Following oral argument on [*2]both motions, Supreme Court granted defendant's motion and denied plaintiff's cross motion. Plaintiff appeals.[FN1]
Supreme Court did not err by granting defendant's motion for summary judgment. The party disclaiming coverage bears the initial burden of proving that the policy was validly canceled (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d 1174, 1174-1175 [2010]; GEICO Indem. v Roth, 56 AD3d 1244, 1244-1245 [2008]; Holmes v Utica Mut. Ins. Co., 92 AD2d 1045, 1045 [1983]). Once such burden has been met, the burden shifts to the party contesting the cancellation to prove that the insurer failed to conform with strict statutory cancellation requirements (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d at 1174-1175; GEICO Indem. v Roth, 56 AD3d at 1244-1245).
The evidence offered by defendant, which included a copy of the cancellation notice and a certificate of mailing maintained in the regular course of its business, shows that it mailed plaintiff a notice of cancellation on September 18, 2008 stating that the policy was canceled effective October 11, 2008, 23 days later. Inasmuch as the cancellation was effectuated within the first 60 days of the policy and written notice was sent more than 20 days before such cancellation would become effective, defendant met its burden of showing that the cancellation of plaintiff's policy was valid (see Insurance Law § 3426 [b]; Vehicle and Traffic Law § 313; Matter of Auto One Ins. Co. v Forrester, 78 AD3d at 1174-1175; Brelsford v USAA, 289 AD2d 847, 848 [2001]). Plaintiff argues, among other things, that defendant did not meet its burden because it attempted to obtain a full copy of the lease agreement, which waived the right to cancel the contract. However, such argument is without merit because the doctrine of waiver is inapplicable to the issue of whether coverage exists (see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698 [1980]; General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co., 193 AD2d 135, 138 [1993]). Nor do we find merit to plaintiff's contention that defendant's attempts to obtain a complete copy of the lease agreement constituted an effort to renegotiate the insurance contract (see generally DerOhannesian v City of Albany, 110 AD3d 1288, 1290, 1290 n 2 [2013], lv denied 22 NY3d 862 [2014]; Pressman v Warwick Ins. Co., 213 AD2d 386, 387 [1995]; compare WFE Ventures, Inc. v Mills, 139 AD3d 1157, 1158 n 2, 1160 [2016]). As such, contrary to the myriad arguments offered by plaintiff, defendant met its burden to prove valid cancellation of plaintiff's insurance policy and, thus, the burden shifted to plaintiff to show that such cancellation did not conform with the statutory requirements (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d at 1174-1175; GEICO Indem. v Roth, 56 AD3d at 1244-1245).
In opposition, plaintiff submitted, among other things, several driver logs, which he asserts demonstrate that he was on the road in his truck during most of the relevant period and, therefore, was unaware of the documentation problem and unable to timely rectify the issues. Notwithstanding such proof, plaintiff has not met his burden of proving that cancellation of the insurance policy did not conform with the statutory requirements (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d at 1175; GEICO Indem. v Roth, 56 AD3d at 1245). To the extent that plaintiff argues that the driver logs demonstrate that there is an issue of fact regarding his awareness of the problems with his insurance policy, such argument is without merit, as actual notice is not required to properly effectuate cancellation; rather, it is sufficient that the notice was sent to the address listed on his policy, which gives rise to a presumption of receipt (see Matter of Eveready Ins. Co. v France, 66 AD3d 776, 776 [2009]; Brelsford v USAA, 289 AD2d at 848). Thus, plaintiff failed to demonstrate the existence of a triable issue of fact and, as such, Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint against it (see Brelsford v USAA, 289 AD2d at 848-849; Pressman v Warwick Ins. Co., 213 AD3d at 388).
Finally, we discern no error in Supreme Court's denial of plaintiff's cross motion for a stay pending discovery. To the extent that plaintiff alleges that the court abused its discretion in [*3]denying the stay, such argument is without merit because plaintiff has not shown that additional discovery will yield material and relevant information (see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1222 [2010]; Overseas Private Inv. Corp. v Nam Koo Kim, 69 AD3d 1185, 1188 [2010], lv dismissed 14 NY3d 935 [2010]). Further, inasmuch as plaintiff largely seeks information that is already in the record, plaintiff's motion papers present nothing more than mere speculation, unsubstantiated allegations and bald hope that additional discovery will uncover factual information sufficient to defeat defendant's motion (see Bluff Point Townhouse Owners Assn., Inc. v Kapsokefalos, 129 AD3d 1267, 1269 [2015], lv denied 26 NY3d 910 [2015]; Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d at 1222). We have examined plaintiff's remaining claims and find them without merit.
Garry, P.J., Egan Jr. and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: We exercise our discretion to treat plaintiff's notice of appeal as valid despite its inaccurate description of the date of the order appealed from (see CPLR 5520 [c]; Hopkins v Tinghino, 248 AD2d 794, 795 [1998]).