Matter of Unitrin Direct Ins. Co. v Barrow (2020 NY Slip Op 04481)





Matter of Unitrin Direct Ins. Co. v Barrow


2020 NY Slip Op 04481


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-05410
 (Index No. 52608/18)

[*1]In the Matter of Unitrin Direct Insurance Company, appellant, 
v
Mary Barrow, respondent; GEICO General Insurance Company, proposed additional respondent-respondent, et al., proposed additional respondent.


Jacobson & Schwartz, LLP, Jericho, NY (Gary R. Schwartz of counsel), for appellant.
Bryan M. Kulak (James G. Bilello, Hicksville, NY [Susan J. Mitola], of counsel), for proposed additional respondent-respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated April 18, 2019. The order, insofar as appealed from, after a hearing, denied that branch of the petition which was to permanently stay arbitration. By decision and order on motion of this Court dated December 19, 2019, the arbitration proceeding was stayed pending hearing and determination of the appeal.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the petition which was to permanently stay arbitration is granted.
GEICO General Insurance Company (hereinafter GEICO) issued an automobile insurance policy to the proposed additional respondent Imtiaz Islam, with a coverage period of December 30, 2016, through June 30, 2017. On May 4, 2017, GEICO sent notices to Islam purporting to cancel his policy effective June 30, 2017, unless he submitted a completed business use questionnaire. Islam failed to submit the requested questionnaire. GEICO purportedly cancelled the subject policy on June 30, 2017. On July 14, 2017, Islam, while driving, struck the rear of a vehicle in which the respondent, Mary Barrow, was a passenger. Islam submitted a claim to GEICO, but GEICO disclaimed coverage. Barrow submitted a claim under the uninsured motorist endorsement of the liability policy issued to her by the petitioner, Unitrin Direct Insurance Company (hereinafter Unitrin), and sought arbitration. Unitrin then commenced this proceeding, inter alia, to permanently stay arbitration, or, in the alternative, to temporarily stay arbitration pending a hearing as to whether coverage existed under the GEICO policy on the date of the accident. The Supreme Court temporarily stayed arbitration and conducted a framed issue hearing to determine whether coverage existed under the GEICO policy on the date of the accident. After the hearing, the court denied that branch of the petition which was to permanently stay arbitration upon determining that GEICO properly cancelled the policy effective June 30, 2017. Unitrin appeals.
The initial burden of demonstrating a valid cancellation of an insurance policy is on the insurance company which disclaims coverage (see Matter of Auto One Ins. Co. v Forrester, 78 AD3d 1174). If the insurance company disclaiming coverage makes a prima facie showing that it [*2]timely and validly cancelled coverage, the burden shifts to the party disputing coverage to establish noncompliance with statutory cancellation requirements as to form and procedure (see id.). Here, GEICO failed to satisfy its burden of establishing that it validly cancelled Islam's insurance policy. "[A] mere expression of a purpose or intention to cancel in the future is not sufficient; that is, it must be one of actual cancellation, not of future conditional cancellation, or of doubtful meaning as to time or purpose" (Silberzweitz v New York Prop. Ins. Underwriting Assn., 59 AD2d 737, 737 [internal quotation marks omitted]; see Victor v Turner, 113 AD2d 490). The purported cancellation notice reflected a mere intention to cancel in the future if Islam did not provide a completed business use questionnaire.
In any event, cancellation is permitted only upon specified grounds once a covered policy has been in effect for at least 60 days (see Insurance Law § 3425[c][1][A-C]). Insurance Law § 3425(c)(1)(C) requires the "discovery of fraud or material misrepresentation in obtaining the policy or in the presentation of a claim thereunder" to cancel an automobile insurance policy during the required policy period of one year (Insurance Law § 3425[c][1][C]). Here, there is no dispute that the GEICO policy had been in effect for at least 60 days at the time of the purported cancellation. GEICO did not establish that it had discovered any fraud or material misrepresentation committed by Islam; thus, GEICO did not sustain its burden of demonstrating that its notice of cancellation complied with the statutory requirements of Insurance Law § 3425(c)(1) (cf. Matter of Auto One Ins. Co. v Forrester, 78 AD3d 1174; Stein v Security Mut. Ins. Co., 38 AD3d 977).
Since the cancellation notice was ineffective, the GEICO policy remained in full force and effect beyond any stated expiration date until a notice of cancellation was given in accordance with Insurance Law § 3425(c)(1) (see American Home Assur. Co. v Chin, 269 AD2d 24). As such, the policy was effective as of July 14, 2017, the date of the accident, since that date fell within the one-year "required policy period" (see Insurance Law § 3425[a][8]). Accordingly, that branch of the petition which was to permanently stay arbitration should have been granted.
MASTRO, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court