Grala v Structural Preserv. Sys., LLC (2025 NY Slip Op 05941)

Grala v Structural Preserv. Sys., LLC

2025 NY Slip Op 05941

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-02645
 (Index No. 706887/15)

[*1]Pawel Grala, et al., plaintiffs, 
v
Structural Preservation Systems, LLC, defendant third-party plaintiff- respondent, New York City Housing Authority, defendant-respondent; Apex Development, Inc., et al., third-party defendants-appellants.

John L. Weichsel, Glen Oaks, NY (Amy Christianson of counsel), for third-party defendants-appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (Karen H. Tommer and Guy Des Rosiers of counsel), for defendant third-party plaintiff-respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the third-party defendants appeal from an order of the Supreme Court, Queens County (Lourdes M. Ventura, J.), entered March 24, 2021. The order, insofar as appealed from, denied the third-party defendants' motion for summary judgment dismissing the third-party complaint and on the counterclaims of the third-party defendant Apex Development, Inc., and granted that branch of the cross-motion of the defendant third-party plaintiff and the defendant New York City Housing Authority which was for summary judgment dismissing the counterclaims of the third-party defendant Apex Development, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance against the third-party defendant Apex Development, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Pawel Grala, and his wife suing derivatively, commenced an action against Structural Preservation Systems, LLC (hereinafter Structural), inter alia, to recover damages for personal injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiffs alleged that Grala sustained injuries when he slipped and fell on fluids leaking from a forklift owned by Structural on premises owned or controlled by the New York City Housing Authority (hereinafter NYCHA) and that at the time of his injuries, he was employed by Apex Development, Inc. (hereinafter Apex), which had contracted with Structural to perform work at the premises. The action was subsequently consolidated with a separate personal injury action commenced by the plaintiffs against NYCHA.
Structural commenced a third-party action against Apex and Maciej Witczak, Grala's coworker (hereinafter together the third-party defendants), for contractual indemnification against Apex, for common-law indemnification against Apex and Witczak, and alleging breach of contract for failure to procure insurance against Apex. The third-party defendants interposed an amended answer in which Apex asserted counterclaims against Structural for common-law indemnification and alleging breach of contract and equitable estoppel.
The third-party defendants moved for summary judgment dismissing the third-party complaint and on Apex's counterclaims. Structural and NYCHA cross-moved, among other things, for summary judgment dismissing Apex's counterclaims. In an order entered March 24, 2021, the Supreme Court, inter alia, denied the motion and granted that branch of the cross-motion. The third-party defendants appeal.
The Supreme Court properly determined that a general release executed by Apex and Structural did not warrant an award of summary judgment dismissing the third-party complaint. "A release is a contract, and its construction is governed by contract law" (Grove Realty Enters., Inc. v Budde Agency, Inc., 232 AD3d 708, 710 [internal quotation marks omitted]; see Outdoors Clothing Corp. v Schneider, 153 AD3d 717, 718). A release "may not be read to cover matters which the parties did not desire or intend to dispose of" (Spears v Spears Fence, Inc., 60 AD3d 752, 753; see Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 559). Here, the third-party defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that Apex and Structural entered into a valid general release in which Structural agreed to release and give up any claims it had against Apex, including unknown claims. However, in opposition, Structural raised a triable issue of fact as to whether the parties knew and intended to include in the release claims related to this consolidated action (see e.g. Wei Qiang Huang v Llerana-Salazar, 222 AD3d 1033, 1034; Lopez v 121 St. Nicholas Ave. H.D.F.C., 28 AD3d 429, 430).
The Supreme Court properly denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party causes of action for common-law indemnification against Apex and Witczak. "'An employer shall not be liable for contribution or indemnity to any third person based upon liability for injuries sustained by an employee acting within the scope of his or her employment' unless the employee 'has sustained a grave injury'" (Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d 63, 71 [internal quotation marks omitted], quoting Workers' Compensation Law § 11[1]; see Persaud v Bovis Lend Lease, Inc., 93 AD3d 831, 832). Grave injuries include "permanent and total loss of use . . . of an arm, leg, hand or foot" (Workers' Compensation Law § 11[1]). Here, the third-party defendants failed to establish, prima facie, that Grala did not suffer a grave injury within the meaning of Workers' Compensation Law § 11 (see Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d at 73). Further, they failed to establish, prima facie, that Witczak was exempt from suit (see generally Raquet v Braun, 90 NY2d 177, 182).
The Supreme Court properly denied that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification against Apex. "'The right to contractual indemnification depends upon the specific language of the contract'" (Venza v Catholic Charities of the Diocese of Rockville Ctr., 235 AD3d 804, 807, quoting Zapotosky v Ascape Landscape & Constr. Corp., 221 AD3d 1055, 1056). "A party that moves for summary judgment dismissing a claim for contractual indemnification must make a prima facie showing that it was not contractually obligated to indemnify the party asserting the indemnification claim" (Garcia v Fed LI, LLC, 239 AD3d 942, 946 [internal quotation marks omitted]; see Crutch v 421 Kent Dev., LLC, 192 AD3d 982, 983). Here, given the express language in the contract, the third-party defendants did not make a prima facie showing that Apex was not contractually obligated to indemnify Structural (see Crutch v 421 Kent Dev., LLC, 192 AD3d at 983).
However, the Supreme Court should have granted that branch of the third-party defendants' motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance against Apex. "Summary judgment [*2]dismissing a cause of action alleging failure to procure additional insured coverage is warranted where the movant demonstrates, prima facie, that it procured the requisite insurance" (Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969; see Rogers v Peter Scalamandre & Sons, Inc., 231 AD3d 1174, 1180). Here, the third-party defendants established, prima facie, that Apex procured the requisite insurance. The insurers' declination of coverage is not a basis for a finding that Apex breached its obligation to procure insurance (see Sicilia v City of New York, 127 AD3d 628, 629; Perez v Morse Diesel Intl., Inc., 10 AD3d 497, 498). In opposition, Structural failed to raise a triable issue of fact (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d at 969).
The Supreme Court properly denied that branch of the third-party defendants' motion which was for summary judgment on Apex's counterclaims for common-law indemnification and alleging breach of contract and equitable estoppel. The third-party defendants failed to establish, prima facie, that Apex was entitled to common-law indemnification for the costs of the current litigation from Structural, as they failed to show that Structural was actively at fault in bringing about Grala's injuries (see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 795-796). Further, the third-party defendants failed to establish, prima facie, that Structural breached the contract or the implied covenant of good faith and fair dealing, and, thus, failed to demonstrate their entitlement to judgment as a matter of law on Apex's breach of contract counterclaims (see Rayham v Multiplan, Inc., 153 AD3d 865, 868; Citibank [South Dakota], N.A. v Abraham, 138 AD3d 1053, 1055-1056). Finally, the third-party defendants failed to establish, prima facie, that Structural was estopped from suing Apex for indemnification (see Brelsford v USAA, 289 AD2d 847, 849; Michaels v Travelers Indem. Co., 257 AD2d 828, 829-830).
The Supreme Court properly granted that branch of the cross-motion of Structural and NYCHA which was for summary judgment dismissing Apex's counterclaims. Structural and NYCHA established, prima facie, that Structural was not liable to Apex for common-law indemnification, as they demonstrated that Structural could not be found liable by operation of law and it was not actively at fault in bringing about Grala's injuries (see Castillo v Port Auth. of N.Y. & N.J., 159 AD3d at 796). Structural and NYCHA also established, prima facie, that Structural did not breach its contract with Apex and did not breach the implied covenant of good faith and fair dealing. Structural did pursue coverage from Apex's insurers, and the contract did not preclude Structural from seeking indemnification from Apex (see Rayham v Multiplan, Inc., 153 AD3d at 867-868). Structural and NYCHA also established, prima facie, that Structual was not estopped from suing Apex after Apex's insurers declined coverage, as Structural did pursue coverage from Apex's insurers and only pursued Apex itself after coverage was denied, and thus, Structural and NYCHA demonstrated that Structural did not engage in conduct that amounted to a false representation or concealment of material facts (see generally Brelsford v USAA, 289 AD2d at 849). In opposition, the third-party defendants failed to raise a triable issue of fact.
The third-party defendants' remaining contentions are without merit.
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court