■ FRANK SEDLACEK, SR., Appellant, v DRYDEN MUTUAL INSURANCE COMPANY, Respondent. [698 NYS2d 793] —Crew III, J. Appeal from an order of the Supreme Court (Coutant, J.), entered September 10, 1998 in Broome County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff owned a four-family apartment building in the City of Binghamton, Broome County, which he sold to his daughter, Mary Beth Hamilton, pursuant to an oral agreement. No deed was executed and plaintiff remained the titled owner. The agreement between plaintiff and Hamilton provided, *inter alia*, that the latter was responsible to insure the property and, in accordance therewith, she purchased a policy of fire insurance from defendant, which listed plaintiff as mortgagee.

On November 27, 1996, defendant sent Hamilton a notice of cancellation, together with a copy to plaintiff for nonpayment of premium effective December 14, 1996. On December 16, 1996, defendant received a check from Hamilton for payment of the overdue premium and, the following day, issued a notice of reinstatement to Hamilton with a copy to plaintiff. Upon presentation of Hamilton's check to the bank, it was dishonored due to insufficient funds and, accordingly, on December 23, 1996 defendant issued a second notice of cancellation to Hamilton with a copy forwarded to plaintiff. On December 27, 1996, the apartment building was damaged by fire and plaintiff sought reimbursement from defendant. When defendant denied the claim, plaintiff commenced this action seeking damages in the amount of $35,000. Following joinder of issue, defendant moved for summary judgment dismissing the complaint. Supreme Court granted defendant's motion and this appeal by plaintiff ensued.

As a starting point, it is axiomatic that a check given in pay-

ment of an underlying obligation constitutes conditional payment and the obligation is discharged if the check is dishonored (*see*, UCC 3-802 [1] [b]). Therefore, as to Hamilton, defendant's underlying obligation to reinstate the insurance policy was discharged when Hamilton's check was dishonored for insufficient funds. Plaintiff contends, however, that as a mortgagee, he was entitled to rely upon defendant's reinstatement notice and, as to him, defendant is estopped from declaring a forfeiture of the policy. We disagree. The record makes plain that plaintiff received the copy of defendant's December 23, 1996 notice of cancellation prior to the loss in question and, therefore, he could not reasonably have relied upon the December 17, 1996 reinstatement notice.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.