■ ANNETTE MEISELMAN, Appellant, v McDONALDS RESTAURANTS et al., Respondents. [759 NYS2d 506] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Franco, J.), dated February 8, 2002, which granted that branch of the defendants' motion which was to dismiss the action as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured as the result of a slip and fall on October 9, 1996. In September 1999, shortly before the

expiration of the three-year statute of limitations for negligence actions, she filed a summons with notice with the County Clerk and received an index number. However, the check that she used to pay the filing fee was returned for insufficient funds and remained unpaid. A year later, in December 2000, the plaintiff purchased a new index number and refiled the papers. The Supreme Court granted the defendants' motion to dismiss, finding that the action was never properly commenced in 1999 because the plaintiff had never paid the filing fee (as a result of the returned check), and that the commencement of the action in 2000, although properly done, was not timely for statute of limitations purposes.

Under New York's commencement-by-filing system, "service of process without first paying the filing fee and filing the initiatory papers is a nullity, the action * * * never having been properly commenced" (*Matter of Gershel v Porr,* 89 NY2d 327, 330 [1996]). Here, the plaintiff used a personal check, which was subsequently dishonored, to pay the filing fee in 1999. It is well settled that a check is merely a conditional payment which fails to satisfy the underlying obligation upon dishonor (*see Hutzler v Hertz Corp.,* 39 NY2d 209, 214 [1976]; *Sedlacek v Dryden Mut. Ins. Co.,* 266 AD2d 768 [1999]). Thus, once the plaintiff's check was dishonored, the filing fee was not paid, and, as a result, the action was not properly commenced (*see Mandel v Waltco Truck Equip. Co.,* 243 AD2d 542, 543 [1997]; *Mohammed v Elassal,* 226 AD2d 509, 510 [1996]).

Since the plaintiff never properly commenced the first action in 1999, the first complaint was a nullity. Therefore, the filing of the second complaint in December 2000 cannot relate back for statute of limitations purposes (*see* CPLR 205 [a]; *Mohammed v Elassal, supra*).

As this action was not properly commenced until December 2000 approximately one year and two months after the three-year statute of limitations expired (*see* CPLR 214 [5]), the action was properly dismissed.

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Ritter, Feuerstein and Crane, JJ., concur.