■ MARIANO'S PIZZERIA INC., Respondent, v ASSOCIATED MUTUAL INSURANCE COOPERATIVE, Appellant, et al., Defendant. [806 NYS2d 46]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 6, 2004, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and defendant's motion granted. The Clerk is directed to enter judgment in favor of defendant Associated Mutual Insurance Cooperative dismissing the complaint as against it.

This is a breach of contract action brought by plaintiff Mariano's Pizzeria Inc. against defendant insurance company, Associated Mutual Insurance Cooperative, to recover approximately $250,000 for property damage at plaintiff's premises on E. 204th Street, Bronx, New York. Plaintiff commenced business in April 2000, and was insured by defendant against various losses including loss from fire. On October 24, 2001, defendant issued a renewal policy for an annual term, until October 10, 2002, for an annual premium of $2,578.76. Plaintiff was obligated to pay monthly installment premiums of $274.

On or about May 16, 2002, defendant mailed a notice of cancellation to plaintiff. (Defendant alleges that this was the seventh notice of cancellation sent in the prior seven-month period.) The notice of cancellation stated that "payment must be received by the company prior to the cancellation effective date" of June 2, 2002.

Plaintiff contends that on May 16, 2002, it mailed the monthly payment to defendant. However, while the check was dated May 16, the postage mark showed that the mailing was made on May 22, 2002, suggesting that plaintiff backdated the check and that its mailing was prompted by receipt of the notice of cancellation.

On or about May 30, 2002, plaintiff's bank dishonored the check for insufficient funds. Defendant, apparently before learning of this, acknowledged receipt of plaintiff's check for the outstanding premium. This letter, dated May 31, 2002, stated that "[t]his policy will be continued in force subject to its printed terms and conditions upon the payment check clearing through your bank."

Subsequently defendant, by letter dated June 5, 2002, informed plaintiff that the check had been dishonored. Defendant's letter further stated: "as per our letter dated *May 31, 2002* . . . your policy *was cancelled* effective *June 9,* 2002, for non payment of premium." (Emphasis added.) Notably, the May 16 notice which set the effective cancellation date as June 2 was not referenced. On the other hand, the May 31 letter, which was referenced, did not include any effective date of cancellation and defendant asserts that the date of June 9 was a typographical error.

Plaintiff received the letter about the bank dishonoring its check on June 7, 2002, a few hours before fire damaged plaintiff's premises. The following morning, plaintiff purchased a money order and sent it to defendant by overnight express.

By letter dated June 11, 2002, defendant informed plaintiff that it viewed this payment as an application for reinstatement, which it rejected. Defendant also returned the un-negotiated money order. By invoice dated June 3, 2002, however, defendant had billed plaintiff for another monthly installment of $274, noting that the total balance due on the annual premium was $653.76. Subsequently, defendant disclaimed coverage on the basis that the policy was cancelled June 2, 2002 for nonpayment of the premium.

Plaintiff then brought this action for breach of the insurance contract. Defendant moved for summary judgment alleging that by operation of law, insurance coverage had terminated on June 2, 2002. The motion court held there were triable issues of fact as to when the policy was cancelled, and denied defendant summary judgment.

We disagree and reverse for the following reasons: It is well established by this Court that ambiguities in an insurance contract are to be construed favorably to the insured and strictly against the insurer (*Buchbinder Tunick & Co. v Manhattan Natl. Life Ins. Co.*, 219 AD2d 463, 465 [1995]). Similarly, public policy mandates that a cancellation notice is ineffectual where it is equivocal or indefinite (*id.*), and a cancellation notice that arrives too late to be acted upon is a nullity (*id.*).

However, the motion court improperly focused on the ambigu-

ity in the June 5 letter which indicated that cancellation was effective on June 9. The motion court further improperly found a triable issue of fact arising out of plaintiff's assertion of detrimental reliance on the June 9 date. In so doing, the court disregarded the fact that the June 5 letter was preceded by a valid notice of cancellation, dated May 16, 2002. The terms of that cancellation notice unequivocally stated that payment of the premium had to be received before the "cancellation effective date," which was June 2. It is evident from the record that plaintiff's mailing of a check on May 22 was in response to this notice of cancellation. However, the check was dishonored for insufficient funds.

Pursuant to article 3 of the Uniform Commercial Code, a check given in payment of an underlying obligation constitutes conditional payment and the obligation of the payee is discharged if the check is dishonored (UCC 3-802 [1] [b]; *see also Sedlacek v Dryden Mut. Ins. Co.*, 266 AD2d 768 [3d Dept 1999]; *Meiselman v McDonalds Rests.*, 305 AD2d 382 [2d Dept 2003], *appeal dismissed in part and lv denied in part* 100 NY2d 637 [2003] [a check is merely a conditional payment which fails to satisfy the underlying obligation upon dishonor]). Thus, plaintiff's insurance coverage lapsed on June 2, 2002, by operation of law, and so could not be resurrected by a simple typographical error. Consequently, plaintiff's additional assertions of detrimental reliance are unavailing. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.