■ RICHARD A. SANDERS et al., Respondents, v CHAUTAUQUA COUNTY PATRONS' FIRE RELIEF ASSOCIATION, Appellant.—Order unanimously modified and, as modified, affirmed, with costs to defendant, in accordance with the following memorandum: On February 11, 1976 defendant Chautauqua County Patrons' Fire Relief Association issued to plaintiffs a standard fire insurance policy covering their mobile home located in Sherman, New York. Plaintiffs paid an initial premium of $8.50 for coverage until April 15, 1976. Defendant claims that on March 15, 1976 it billed plaintiffs in the amount of $27.30 for the period from April 15, 1976 to February 11, 1977 and that, when the premium was not received by May 15, 1976, it sent plaintiffs a past due notice. Plaintiffs do not dispute that they paid neither the pre-

mium for the period through February 11, 1977 nor any subsequent policy premium. On July 30, 1976 defendant mailed to plaintiffs and their mortgagee a 10-day notice of cancellation for nonpayment of premium. Plaintiffs deny ever receiving this notice of cancellation. On July 24, 1977 plaintiffs' mobile home was destroyed in a fire and this action was commenced to recover under the fire insurance policy issued by defendant. Defendant set up as an affirmative defense the cancellation of the policy almost a year prior to the fire. Plaintiffs moved to strike the affirmative defense, asserting that defendant failed to allege receipt of the notice of cancellation by plaintiffs. Defendant cross-moved for summary judgment dismissing the complaint on the ground that the policy had been canceled in accordance with both the terms of the policy and the provisions of section 167-a of the Insurance Law concerning cancellation of insurance policies. Special Term denied both motions, holding that section 167-a of the Insurance Law is inapplicable to fire insurance policies, and defendant appeals. Plaintiffs' standard fire insurance contained a provision that it may be canceled at any time by defendant by giving to plaintiffs a five-day written notice of cancellation (see Insurance Law, § 168). Section 167-a (subd [7], par [b]) of the Insurance Law provides with respect to insurance policies covered by this section that proof of mailing of a notice of cancellation is sufficient proof of the giving of notice. Inasmuch as plaintiffs' fire insurance policy is a "covered policy" within the meaning of section 167-a (subd [1], par [a]) of the Insurance Law, we hold that the statutory provision relating to proof of the giving of notice is applicable to plaintiffs' policy. Plaintiffs claim that section 167-a of the Insurance Law concerns only liability insurance policies; however, we find their claim to be supported neither by the language of the statute nor by its legislative history (see NY Legis Ann, 1974, pp 219, 432; NY Legis Ann, 1969, pp 359, 545). Moreover, provisions of former section 167-b of the Insurance Law, one of several statutes which section 167-a of the Insurance Law consolidated, have been held applicable to fire insurance policies (*Morris v Government Employees Ins. Co.,* 77 Misc 2d 1057, affd 47 AD2d 1001; cf. *First Sav. & Loan Assn. of Jersey City, N. J. v American Home Assur. Co.,* 35 AD2d 344, affd 29 NY2d 297). Consequently, plaintiffs' motion to dismiss defendant's affirmative defense was properly denied. In support of its cross motion for summary judgment, defendant offered an affidavit of its office manager in which the manager asserts that she mailed a notice of cancellation to plaintiffs at the address set forth in the policy on July 30, 1976 and that the notice of cancellation was never returned by the postal service. Additionally, defendant has produced a certificate of mailing verifying that notices of cancellation were mailed on that date to plaintiffs and their mortgagee. On these facts, we believe that defendant has established that it properly mailed a notice of cancellation to plaintiffs (see *Matter of Leatherby Ins. Co. v Scott,* 51 AD2d 519). Under section 167-a (subd [7], par [b]) of the Insurance Law, this mailing of the notice of cancellation is sufficient proof of the giving of notice. Moreover, even if section 167-a of the Insurance Law were inapplicable to plaintiffs' fire insurance policy, plaintiffs' denial of receipt of the cancellation notice, standing alone, would be insufficient to rebut the presumption of delivery and receipt that attaches to properly addressed and mailed notices of cancellation (see *Nassau Ins. Co. v Murray,* 46 NY2d 828). Since the fire insurance policy was canceled before the fire destroyed plaintiffs' mobile home defendant's cross motion for summary judgment should have been granted. (Appeal from order of Chautauqua Supreme Court—summary judgment.) Present—Cardamone, J. P., Schnepp, Callahan, Doerr and Moule, JJ.