■ JOHN B. STROHSCHEIN et al., Appellants, v NORTHERN ASSURANCE COMPANY OF AMERICA, Respondent.—In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated April 16, 1986, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

This action involves an attempt by the plaintiffs to recover proceeds of insurance under a policy issued by the defendant. Contrary to the plaintiffs' contention, we find that the defendant satisfied its burden of establishing that the notice of cancellation of the plaintiffs' homeowner's insurance policy had been properly mailed to the plaintiffs on April 1, 1985. The cancellation of the policy based on nonpayment of premiums became effective on April 17, 1985, the day preceding the fire which allegedly caused substantial property damage to the plaintiffs' home.

To support its claim that the notice of cancellation had been mailed to the plaintiffs, the defendant submitted an affidavit which set forth the standard operating procedure utilized by the defendant to insure that notices of cancellation were properly mailed to its insureds. This procedure involved, *inter alia,* the verification by a post-office employee that the names and addresses of policyholders which were on a computer-generated list provided by the defendant actually appeared in the window of envelopes containing the notices of cancellation. The defendant additionally submitted a certificate of mailing which evidenced that the notice of cancellation addressed to the plaintiffs was actually received by the post office.

We conclude that the foregoing proof was sufficient to demonstrate that the notice of cancellation had been mailed to the plaintiffs *(see,* Insurance Law § 3425 [h]; *Ramos v DeMond,* 127 AD2d 751; *Diaz v Great Am. Ins. Co.,* 109 AD2d 775; *Sanders v Chautauqua County Patrons' Fire Relief Assn.,* 67 AD2d 1091). Accordingly, since the policy of insurance was effectively canceled prior to the date of the fire in issue, the defendant had no further obligations under its policy and was, therefore, properly awarded summary judgment dismissing the complaint. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.