■ MOHAMED ABUHAMRA, Respondent, v NEW YORK MUTUAL UNDERWRITERS, Appellant.—Order insofar as appealed from unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff commenced this action alleging breach of a fire insurance contract when defendant insurer failed to pay plaintiff for a fire loss which occurred on July 13, 1989. Defendant moved to dismiss on the ground that the policy was effectively cancelled on June 26, 1989, for nonpayment of premiums. Plaintiff denied receipt of the notice of cancellation. Supreme Court denied defendant's motion to dismiss the complaint. We reverse and grant the motion.

As the party who seeks to rely upon the cancellation of the policy, defendant had the burden of proving, as a matter of law, that the policy was cancelled prior to the date of the loss (see, Lumbermens Mut. Cas. Co. v Comparato, 151 AD2d 265, 266). The insurer must demonstrate that the office practice and procedure it followed in the regular course of business is geared to ensure that it properly addressed and mailed a notice of cancellation to the insured. If the insurer meets that burden, a presumption arises that the notice was received by the insured (see, Nassau Ins. Co. v Murray, 46 NY2d 828, 829). "Denial of receipt by the insureds, standing alone, is insufficient to rebut the presumption" (Nassau Ins. Co. v Murray, supra, at 829-830; see also, Matter of T. J. Gulf v New York State Tax Commn., 124 AD2d 314, 315).

Here, the affidavit of defendant's office manager is sufficient to show that defendant mailed a notice of cancellation to plaintiff on June 6, 1989 (see, Sanders v Chautauqua County Patrons' Fire Relief Assn., 67 AD2d 1091). Moreover, defendant produced a certificate of mailing, which listed plaintiff's address, stamped and dated June 6, 1989 (see, Hughson v National Grange Mut. Ins. Co., 113 AD2d 1031).

Having met its burden, defendant was entitled to the presumption that the notice was received by the insured. To rebut that presumption, plaintiff was required to show that "routine office practice was not followed or was so careless

that it would be unreasonable to assume that the notice was mailed" *(Nassau Ins. Co. v Murray, supra,* at 830). Plaintiff failed to meet that burden. The only issue plaintiff raised was that his name was misspelled on both the policy and the notice of cancellation. That fact, standing alone, is not sufficient to rebut the presumption. Plaintiff does not dispute that the address listed on the policy is correct. In fact, plaintiff admits that he received two other items of correspondence from defendant, subsequent to the time the notice of cancellation was sent, which contained the same misspelling of his name. Finally, plaintiff's denial of receipt of the notice of cancellation is belied by the fact that, after the fire loss, plaintiff sent a check to defendant for $497, the amount demanded in the notice of cancellation.

We have examined plaintiff's remaining arguments and find them to be lacking in merit. (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Dismiss Complaint.) Present—Doerr, J. P., Denman, Boomer, Green and Pine, JJ.