■ LEONARD PARDO et al., Appellants, v CENTRAL COOPERATIVE INSURANCE COMPANY et al., Respondents. [636 NYS2d 184] —Per Curiam. Appeal from an order of the Supreme Court (Monserrate, J.), entered February 21, 1995 in Chenango County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

Plaintiffs commenced this action to, *inter alia*, recover the insurance proceeds under a homeowners' policy issued by defendant Central Cooperative Insurance Company (hereinafter CCI) through its agent, defendant Adolph L. Chiarino. On May 20, 1992, plaintiffs' home was apparently destroyed by a fire. CCI refused to pay claiming that the policy had been canceled for nonpayment of premiums effective March 30, 1992. Following joinder of issue and discovery, CCI and Chiarino each moved for summary judgment claiming, *inter alia*, that the notice of cancellation had been properly mailed to plaintiffs on March 12, 1992. Plaintiffs opposed the motion and cross-moved for, *inter alia*, summary judgment on the ground that the cancellation mailed by CCI was defective. Supreme Court granted defendants' motions and dismissed the complaint, prompting this appeal.

We affirm. Contrary to plaintiffs' contention, we find that CCI satisfied its burden of proving that the notice of cancellation was properly mailed to plaintiffs (*see*, Insurance Law § 3425 [h]; *Strohschein v Northern Assur. Co.*, 136 AD2d 625). In meeting this burden, an insurer may create a presumption that the insured received a notice of cancellation by setting forth the standard operating procedure utilized by the insurer to make sure that such notices are properly mailed to its insureds (*see, Nassau Ins. Co. v Murray*, 46 NY2d 828, 829-830). Here, CCI did not rely on its regular office mailing procedures but instead offered direct proof of the mailing of the actual notice at issue. Plaintiffs contend that proof of CCI's office procedures was required. We disagree. In our view, CCI could satisfy its burden by submitting proof of *either* office practice and procedure *or* by proof of actual mailing (*see, e.g., Lumber-*

*mens Mut. Cas. Co. v Comparato*, 151 AD2d 265; *Watt v New York City Tr. Auth.*, 97 AD2d 466; *Felician v State Farm Mut. Ins. Co.*, 113 Misc 2d 825; *see also, Matter of Ray v Blum*, 91 AD2d 822).

Here, the affidavit of CCI's vice-president was sufficient to show that CCI mailed the notice of cancellation to plaintiffs on March 12, 1992 (*see, Sanders v Chautauqua County Patrons' Fire Relief Assn.*, 67 AD2d 1091, 1092). Moreover, CCI produced a certificate of mailing, which listed the insured's address, and was date-stamped March 12, 1992 (*see, Abuhamra v New York Mut. Underwriters*, 170 AD2d 1003). Therefore, having met its burden, CCI was entitled to the presumption that the notice was received by plaintiffs. Plaintiffs' contention that they never received the notice is insufficient to rebut the presumption (*see, supra*). Furthermore, plaintiffs argue that their post office box number was omitted from the notice of cancellation although contained on the declaration page of the policy. Although true, that fact alone is not sufficient to rebut the presumption. It is correct that a notice of cancellation is to be mailed to an insured "at the address shown in the policy" (Insurance Law § 3425 [h]). Strict compliance with this statutory mandate, however, is not always required (*see, e.g., Olesky v Travelers Ins. Co.*, 72 AD2d 924, 925). Here, plaintiffs failed to offer any evidence to indicate that the notice was not received by them due to the missing box number (*see, supra*, at 925). Finally, plaintiffs' denial of receipt of notice of cancellation is belied by Chiarino's claim that on April 7, 1992, plaintiff Leonard Pardo (hereinafter Pardo) visited Chiarino at his office and offered to pay Chiarino $100 to reinstate the policy (*see, Abuhamra v New York Mut. Underwriters, supra*, at 1003). As Supreme Court noted, this assertion was never denied by plaintiffs.

Nor do we accept plaintiffs' contention that the cancellation was conditional and, therefore, invalid. It is true that a notice of cancellation must be present and unconditional (*see, Silberzweig v New York Prop. Ins. Underwriting Assn.*, 59 AD2d 737). Plaintiffs argue that because the cancellation notice gave them 15 days to pay the amount due to avoid termination of coverage, it was conditional. As CCI points out, however, it was merely notifying plaintiffs of their rights by giving plaintiffs 15 days to pay the premium pursuant to statute (*see*, Insurance Law § 3425 [a] [10]). We agree that this notification did not serve to make the notice of cancellation conditional (*see generally*, 69 NY Jur 2d, Insurance, § 836).

Next, plaintiffs argue that even if the notice of cancellation was valid, the policy was renewed on May 4, 1992 when Pardo

tendered $150 to Chiarino as payment for the homeowners' insurance. We disagree. Although Pardo claimed that the $150 was for the homeowners' policy, as already noted Chiarino stated that on April 7, 1992 Pardo attempted to reinstate the policy by giving Chiarino $100. CCI declined to reinstate the policy and Chiarino told Pardo he would have to find another agent to obtain coverage. Chiarino also submitted a receipt for the $100 which had been voided out and which contained the notation "[CCI] would not reinstate". We find plaintiffs' explanation for failing to deny the April 7, 1992 meeting to be unavailing.

Chiarino contended that the May 4, 1992 payment was for plaintiffs' automobile insurance policy. It is not disputed that the automobile insurance policy was scheduled to expire on May 5, 1992 and that the amount due was $151. Chiarino admitted that he did not forward the $150 to CCI until May 21, 1992 for the automobile policy due to his mistake in writing "house ins" on the receipt. He further submitted into evidence a corrected receipt and plaintiffs did not dispute Chiarino's averment that the auto policy was reinstated effective May 4, 1992. To defeat defendants' motions, plaintiffs were required to establish the existence of *material* issues of fact sufficient to require a trial of the action (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327). Here, plaintiffs' arguments with respect to the May 4, 1992 transaction failed to raise any genuine triable issue of fact (*see, Mid-Atlantic Autec v Keeler Motor Car Co.*, 199 AD2d 732; *see also, Zuckerman v City of New York*, 49 NY2d 557, 562).

We have examined plaintiffs' remaining contentions and find them either rendered academic in light of our conclusions or lacking in merit.

Cardona, P. J., Mercure, White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.