■ MICHAEL HANTMAN, Appellant, v HELSMOORTEL-THORNTON AGENCY, INC., Defendant, and CIGNA FIRE UNDERWRITERS INSURANCE COMPANY, Respondent. [636 NYS2d 934] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Torraca, J.), entered September 1, 1994 in Ulster County, upon a decision of the court in favor of defendant CIGNA Fire Underwriters Insurance Company.

Prior to 1984, plaintiff obtained fire insurance for real estate he owned in the Town of Woodstock, Ulster County, from defendant Helsmoortel-Thornton Agency, Inc. (hereinafter the agency). The policy, which was renewed several times, was issued by Aetna Fire Underwriters Insurance Company (now defendant CIGNA Fire Underwriters Insurance Company, hereinafter CIGNA). In the fall of 1985, CIGNA sent to plaintiff, at the Woodstock mailing address noted on the policy, a renewal policy, covering the period from November 11, 1985 to November 11, 1986, and a bill for the annual premium. Plaintiff admits receiving the policy, but not the bill, and concedes that he never paid any part of the renewal premium.

CIGNA contends that on November 20, 1985, in keeping with its ordinary business practices, it mailed plaintiff a notice that his policy would be canceled for nonpayment of premium as of December 10, 1985. The mailing was memorialized in the form of a list of policyholders to whom cancellation notices had been sent on that day, along with their addresses and policy numbers. Denominated a "certificate of mailing", the list bears a date and location stamp assertedly placed thereon by a postal service employee at the time of mailing. A copy of the cancellation notice—which plaintiff claims he never received—was also sent to, and received by, plaintiff's mortgagee, Norstar Bank.

In February 1986, the residence located on the property burned to the ground, and plaintiff thereafter sought reimbursement pursuant to the fire insurance policy. When CIGNA disclaimed coverage, asserting that the policy was canceled in December 1985, plaintiff brought this action against CIGNA and the agency, alleging, *inter alia*, that CIGNA had failed to notify him of the cancellation of the policy, and thus that he was entitled to recover thereunder (*see, Victor v Turner*, 113

AD2d 490, 499). A nonjury trial was held on the issue of liability, after which Supreme Court dismissed the complaint, finding, among other things, that the policy had been effectively canceled prior to the incident for which coverage was sought. Plaintiff appeals from so much of the judgment as dismissed the action against CIGNA.

While we agree with plaintiff that CIGNA did not demonstrate that the notice of cancellation was sent in accordance with a regular business procedure "geared so as to ensure the likelihood that a notice of cancellation is always properly addressed and mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 830), the evidence presented, including the certificate of mailing, was nevertheless sufficient to establish, prima facie, that the notice was indeed actually mailed to plaintiff on November 20, 1985 (*see, Abuhamra v New York Mut. Underwriters*, 170 AD2d 1003). And, considering the record as a whole, including portions thereof that cast significant doubt on the credibility of certain aspects of plaintiff's testimony, we cannot say that Supreme Court's resolution of this factual issue (*see, Ackler v Nationwide Mut. Ins. Co.*, 87 AD2d 730) in favor of CIGNA was against the weight of the evidence (*see, Trode v Omnetics, Inc.*, 106 AD2d 808).

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.