■ 8112-24 18TH AVENUE REALTY CORP., Appellant-Respondent, v AETNA CASUALTY AND SURETY COMPANY, Respondent-Appellant, et al., Defendants. [659 NYS2d 17] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered March 25, 1996, which, in an action brought by a property owner (the "insured") against an insurer involving the ex-

istence of insurance for property damage sustained on premises occupied by a commercial tenant, *inter alia*, denied the insured's motion for summary judgment declaring that the insurer was required to defend the insured in the property damage action brought by the tenant and denied the insurer's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the insurer's cross motion by declaring in its favor that the subject policy had been validly cancelled prior to the loss and that the insurer has no duty to defend, and otherwise affirmed, without costs.

We disagree with the motion court that no one on behalf of the insurer with first-hand knowledge of having mailed the notice of cancellation to the insured came forward on the motion. The insurer satisfied its burden of proving a proper mailing through the affidavit of its small business underwriter, who stated that on January 10, 1989, based upon the insurer's failure to receive the original premium finance agreement from the finance company or any premiums, she personally sent, by certified mail, a copy of a notice of cancellation to the insured and to the premium finance company at their addresses as they appeared on the declaration page of the policy, which affidavit had attached a notice dated January 10, 1989 cancelling the policy as of 12:01 A.M. on January 28, 1989 and a certified mailing list date stamped January 10, 1989 (*see, Pressman v Warwick Ins. Co.*, 213 AD2d 386, 387; *Hantman v Helmsmoortel-Thornton Agency*, 224 AD2d 752, *lv denied* 88 NY2d 804; *Pardo v Central Coop. Ins. Co.*, 223 AD2d 832, 832-833). The insured's opposition that it never received the notice was insufficient to rebut the presumption of receipt raised by the insurer's proof of mailing (*Pardo v Central Coop. Ins. Co., supra*, at 833). There is no merit to the insured's argument that defendant broker's possession of sufficient funds, in the form of returned unearned premiums from a prior insurer, to pay the premium should be imputed to the insurer under Insurance Law § 2121 (a). The broker had the returned premiums in question well before issuance of the subject policy and nothing in the documentary evidence submitted by the insured demonstrates that these premiums were payments in return for, or referable to, such policy. While this may have been the understanding between the broker, the insured and the insured's funding company, their private understanding cannot bind the insurer, who even after issuing the policy was a stranger to such prior transactions between the insured and its fiduciaries with respect to funds they held on its behalf (*see, Matter of Diesel Motors Co.*, 74 Misc 2d 302, 305; *Central Sur. & Ins. Corp. v Marro*, 189 Misc 823). Under the circumstances, the statement by the

insurer's underwriter, from personal knowledge, that neither the premium finance agreement nor any premium was received was sufficient to prove a valid cancellation. Nor is there merit to the insured's argument that the policy, which was cancelled on January 28, 1989, was revived by the insurer's mistaken June 15, 1989 payment of the insured's own claim for the subject March 31, 1989 loss (*cf.*, *Pressman v Warwick Ins. Co.*, *supra*, at 387), and no question of fact as to the validity of the prior cancellation is raised by the January 1, 1989 notice of nonrenewal indicating an expiration date of April 5, 1989, in view of the notations and directions received by the insurer from the insured's brokers. We have considered the insured's other contentions and find them to be without merit. Concur— Rosenberger, J. P., Nardelli, Rubin and Williams, JJ.