■ SOEURETTE BADIO, Respondent-Appellant, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant-Respondent, et al., Defendant. [773 NYS2d 369]—

Order, Supreme Court, New York County (Norman Ryp, J.), entered February 27, 2003, which denied defendant Liberty Mutual's motion for a directed verdict dismissing the complaint and so much of plaintiff's motion for a directed verdict dismissing Liberty Mutual's fourth affirmative defense, but granted plaintiff's motion to the extent of vacating the jury verdict in Liberty Mutual's favor and remanding for a new trial, unanimously affirmed, without costs.

We affirm the court's order directing a new trial, but for different reasons. By improperly ruling that Liberty Mutual did not present evidence of its office mailing practice sufficient to establish that the notice of cancellation had been mailed, the court thereby negated any presumption that the notice had been received by plaintiff (*see generally Nassau Ins. Co. v Murray*, 46 NY2d 828 [1978]). Indeed, Liberty Mutual did present the testimony of an employee who possessed personal knowledge of the office mailing practice, including how the mail was picked up and counted, and how the names and addresses on each item were confirmed. Such proof of office practice and procedure obviated the necessity of producing a witness with personal knowledge of the actual mailing of plaintiff's notice of cancellation (*see Bossuk v Steinberg*, 58 NY2d 916 [1983]). The court also improperly precluded the signed and stamped certificate of mailing as direct evidence of actual mailing (*Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679 [2001]; *Pardo v Central Coop. Ins. Co.*, 223 AD2d 832 [1996]; *Abuhamra v New York Mut. Underwriters*, 170 AD2d 1003 [1991]), questioning even its admissibility as proof of the office practice.

Plaintiff did not conclusively rebut the presumption. It was suggested that plaintiff's name and address appeared on the mailing list below that of a bank, but without a space between them. But this merely raised an issue of fact as to whether Liberty Mutual's office practice was "so careless that it would be unreasonable to assume that the notice was mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d at 830). It did not, by itself, serve to

refute the facts that the total number of mailings on the list still matched the actual number of envelopes mailed; that a copy of plaintiff's notice was also included in the correctly addressed certificate of mailing; and that the names and addresses on each envelope were checked against the names and addresses on the list.

Although the jury found that plaintiff had not received the notice of cancellation, it was not asked, as it unquestionably should have been, whether this failure was due to the carelessness of Liberty Mutual's procedure, which appears to be contradicted by the jury's finding that the procedure was both reasonable and reasonably calculated to ensure that plaintiff received the notice. Under the established circumstances, it is more likely that the jury concluded from plaintiff's own testimony that she had not received the notice because her mail had a tendency to get "messed up" with that of many others living at her residence, or because she had changed her mailbox address without notifying Liberty Mutual. The mere fact that plaintiff did not receive the notice would not negate the effectiveness of the cancellation (*see Matter of Skoczlois v Vinocour*, 221 NY 276, 280-281 [1917]; *Brelsford v USAA*, 289 AD2d 847, 848 [2001]; *Wolarsky v New York Life Ins. Co.*, 120 App Div 99, 101 [1907]).

The court properly ruled that re-created bills sent to plaintiff, which might have informed her of the cancellation, were inadmissible, in light of testimony that these re-creations may not have correctly reflected the contents of the originals (*see Schozer v William Penn Life Ins. Co.*, 84 NY2d 639 [1994]). In any event, this evidence was at best tangential since it did not go to the central issue of whether Liberty Mutual had presented evidence of mailing sufficient to create a presumption of receipt, and whether plaintiff had rebutted that presumption.

Nevertheless, a new trial is necessary because the interrogatories submitted to the jury left unresolved the question of whether plaintiff had rebutted the presumption of her receipt of the notice of cancellation by reason of Liberty Mutual's careless office practice. The jury was never asked that question. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ.