■ Soeurette Badio, Respondent-Appellant, v Liberty Mutual Fire Insurance Company, Appellant-Respondent, et al., Defendant. [785 NYS2d 52]—

Order, Supreme Court, New York County (Norman Ryp, J.), entered February 27, 2003, which denied defendant Liberty Mutual's motion for a directed verdict dismissing the complaint and so much of plaintiff's motion for a directed verdict dismissing Liberty Mutual's fourth affirmative defense, but granted plaintiff's motion to the extent of vacating the jury verdict in Liberty Mutual's favor and remanding for a new trial, unanimously modified, on the law, Liberty Mutual's motion for a directed verdict dismissing the complaint granted, plaintiff's motion to the extent of vacating the jury verdict in Liberty Mutual's favor denied, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

The insurer has the burden of proving the validity of its timely cancellation of an insurance policy (*see Lehrer McGovern Bovis v Public Serv. Mut. Ins. Co.*, 268 AD2d 388 [2000], *lv dismissed* 94 NY2d 944 [2000]). An insurer is entitled to a presumption that a cancellation notice was received when "the proof exhibits an office practice and procedure followed by the insurers in the regular course of their business, which shows that the notices of cancellation have been duly addressed and mailed" (*Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]). In order for the presumption of receipt to arise "office practice must be geared so as to ensure the likelihood that a notice of

cancellation is always properly addressed and mailed" (*id.* at 830).

The trial court improperly ruled that Liberty Mutual did not present evidence of its office mailing practice sufficient to establish that the notice of cancellation had been mailed and presumably received. Indeed, Liberty Mutual did present the testimony of an employee who possessed personal knowledge of the office mailing practice, including how the mail was picked up and counted, and how the names and addresses on each item were confirmed. Such proof of regular office practice and procedure obviated the necessity of producing a witness with personal knowledge of the actual mailing of plaintiff's notice of cancellation (*see Bossuk v Steinberg*, 58 NY2d 916 [1983]). The court also improperly precluded the signed and stamped certificate of mailing as direct proof of actual mailing (*see Abuhamra v New York Mut. Underwriters*, 170 AD2d 1003 [1991]; *see also Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679 [2001]; *Pardo v Central Coop. Ins. Co.*, 223 AD2d 832 [1996]), questioning even its admissibility as proof of office practice.

By establishing its routine and reasonable office practice, defendant met its burden of proof that notice was mailed to plaintiff and presumed received. The burden then shifted to plaintiff to rebut the presumption of receipt (*see Abuhamra, supra*). An insured's denial of receipt, standing alone, is insufficient to rebut the presumption. Indeed, "[i]n addition to' a claim of no receipt, there must be a showing that routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed" (*Nassau Ins.*, 46 NY2d at 830).

The main issue at trial was whether defendant Liberty Mutual's notice of cancellation of plaintiff's homeowner's insurance was effective. To that end, the trial court asked the jury the following questions:

"1. Did the defendant . . . follow reasonable procedures in mailing out the notice of fire insurance policy cancellation to plaintiff . . . on January 12, 1999, which were reasonably calculated to ensure plaintiff . . . received such notice.

"2. Did plaintiff . . . before the September 15, 1999 fire: a) know of the notice of cancellation? . . . b) receive the notice of cancellation?"

Defendant maintains that if the jury answered yes to question number 1, which it did, then it established that it had complied with notice requirements and proved its timely cancellation of plaintiff's insurance policy as a matter of law regardless of whether plaintiff actually received notice. The jury found

that plaintiff knew of the cancellation, but did not receive notice of the cancellation.

The mere fact that plaintiff claimed she did not receive the notice is not legally sufficient to rebut the presumption of receipt and negate the effectiveness of cancellation. Indeed, an insurer may effectively cancel its policy by mailing a notice of cancellation to the address shown on the policy, even if notice is not actually received by the insured (*see Matter of Skoczlois v Vinocour,* 221 NY 276 [1917]; *Wolarsky v New York Life Ins. Co.,* 120 App Div 99 [1907]; *see also Brelsford v USAA,* 289 AD2d 847 [2001]; *Makawi v Commercial Union Ins. Co.,* 244 AD2d 533 [1997]). Moreover, it is not necessarily inconsistent that defendant had a reasonable mailing procedure as the jury found and that plaintiff did not receive the notice of cancellation, as the jury also found. The reasons for nonreceipt may well have been outside defendant's control.

By granting the motion to set aside the verdict and ordering a new trial, the trial court second-guessed the jury. While questions of fact cannot be resolved summarily and therefore entitle the party raising them to a trial, unresolved questions of fact after a trial do not inure to the benefit of the party who bears the burden of proof. In addition, although the trial court ostensibly couched its decision in terms of affording defendant the opportunity to fill in the gaps, it was plaintiff's burden to rebut the presumption of receipt. The jury found that defendant had proven reasonable mailing procedures. Plaintiff's mere denial was insufficient to rebut the presumption of receipt.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on March 9, 2004 (5 AD3d 170) is hereby recalled and vacated. Concur—Ellerin, J.P., Williams, Lerner and Marlow, JJ. [*See* 2002 NY Slip Op 50708(U).]