██ DEBORAH L. THIBEAULT et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent, et al., Defendants. [830 NYS2d 387]—.

Rose, J. Appeals (1) from an order of the Supreme Court (Nolan, Jr., J.), entered November 21, 2005 in Saratoga County, which, inter alia, granted the motion of defendant Travelers Insurance Company for summary judgment dismissing the complaint against it, and (2) from that part of an order of said court, entered July 24, 2006 in Saratoga County, which denied plaintiffs' motion to renew.

Plaintiffs Deborah L. Thibeault and Thomas T. Thibeault Sr. (hereinafter collectively referred to as the Thibeaults) filed a fire loss claim under a homeowner's policy issued by defendant Travelers Insurance Company (hereinafter defendant). Defendant denied the claim on the ground that the policy had been canceled before the fire for nonpayment of the premium. When plaintiffs commenced this action seeking payment for their fire loss, defendant moved for summary judgment dismissing the complaint against it. Supreme Court granted the motion, finding that the Thibeaults abandoned their claim of payment of the premium and failed to refute the presumption of receipt that arose from defendant's mailing of a notice of cancellation. Plaintiffs' motion for reargument or renewal was denied and they now appeal both orders.

While the record confirms the Thibeaults' contention that they did not abandon their claim of payment of the policy premium, nevertheless their evidence fails to establish payment. Rather, the Thibeaults' submissions tend to prove only mailing of a check that was intended to pay the premium, and not that the check was cashed and honored (see e.g. Meiselman v McDonalds Rests., 305 AD2d 382, 383 [2003], appeal dismissed

*and lv denied* 100 NY2d 637 [2003]; *Matter of Demerritt v Levitt*, 71 AD2d 757, 758 [1979], *lv denied* 48 NY2d 607 [1979]).

As for the issue of whether defendant's notice of cancellation was effective, we agree with Supreme Court that defendant met its burden of proving that the policy had been canceled by describing the office practice it used to ensure that notices of cancellation are properly mailed (*see Nassau Ins. Co. v Murray*, 46 NY2d 828, 829 [1978]; *Pardo v Central Coop. Ins. Co.*, 223 AD2d 832, 833 [1996]). A presumption then arose that the Thibeaults had received the notice, and the burden shifted to plaintiffs to rebut the presumption (*see Nassau Ins. Co. v Murray, supra* at 830).

While it is true that an insured's denial of receipt, standing alone, is insufficient to rebut the presumption (*see id.* at 829-830), here there is additional evidence that an omission in the address as stated on the Thibeaults' policy application and used by defendant prevented delivery of the notice. There is no dispute that the address was incomplete, inasmuch as it left out the name of the Thibeaults' business under which the post office box was registered. Because the Thibeaults submitted evidence that a mailing addressed solely to them, without the name of the business, would not be delivered to the post office box due to United States Postal Service practices, they succeeded in rebutting the presumption and raising a question of fact as to delivery of the notice (*see Matter of Holland v New York City*, 271 AD2d 609, 610 [2000]; *compare Pardo v Central Coop. Ins. Co., supra* at 833 [where there was no evidence that the address error would thwart delivery]). Thus, Supreme Court erred in granting defendant's motion. Given this determination, the issue of whether the court should have granted plaintiffs' motion to renew is academic.

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order entered November 21, 2005 is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted the motion of defendant Travelers Insurance Company; motion denied; and, as so modified, affirmed. Ordered that the appeal from the order entered July 24, 2006 is dismissed, as academic.