Joseph E. Kaufmann, Appellant, v Leatherstocking Cooperative Insurance Company et al., Respondents. [861 NYS2d 423]—

---

Malone Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered October 3, 2007 in Otsego County, which granted defendants' motions for summary judgment dismissing the complaint.

In June 2004, plaintiff requested that defendant Hughson & Benson Associates Insurance (hereinafter H & B) provide him with a homeowners' insurance policy on property he owned at 159 County Highway 56 in the Village of Schenevus, Otsego County. H & B secured a policy through defendant Leatherstocking Cooperative Insurance Company, effective June 25, 2004 through June 25, 2005. Plaintiff tendered a down payment of $94 at that time and elected to pay the remainder of the premium in monthly installments. He was billed directly by Leatherstocking on a monthly basis, but soon began to fall behind in payments. On July 30, 2004, Leatherstocking sent plaintiff a notice of cancellation advising him that the policy would be cancelled on August 16, 2004 unless it received the minimum payment of $66.80. Although plaintiff remitted this amount, his late payment altered the installment payment schedule resulting in a higher monthly payment for August. On September 9, 2004, after plaintiff failed to make this payment, Leatherstocking sent him another notice of cancellation informing him that his policy would be cancelled on September 26, 2004 if it did not receive the minimum payment of $87.40. Plaintiff never remitted this payment and the policy was cancelled as a result.

On October 6, 2004, plaintiff's property was destroyed by fire, resulting in a loss of $92,243. Leatherstocking disclaimed coverage on the basis that the policy had been cancelled for nonpayment. Plaintiff, in turn, commenced this action against Leatherstocking, H & B and H & B's principals alleging causes of action for breach of contract and negligence. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motions, resulting in this appeal.

Initially, plaintiff asserts that the final notice of cancellation was defective and did not operate to nullify the homeowners' insurance policy. Specifically, he argues that the notice did not properly set forth the amount due as required by the Insurance Law. This argument is unpersuasive as the provision he relies upon, Insurance Law § 3425 (c) (1) (A), is applicable to automobile insurance policies. In any event, it is belied by the record as the notice clearly stated that the minimum payment of $87.40 was necessary to keep the policy in effect. While plaintiff further asserts that he was not in default on his installment payments, the affidavits and testimony of Leatherstocking's former president establish that the installment payment schedule was altered as a result of plaintiff's initial late payment, a circumstance fully disclosed on the billing statements he received, and that he failed to remit the necessary amount to keep the payments current thereafter.

Leatherstocking clearly met its burden of proving that the final notice of cancellation was properly mailed to plaintiff by submitting proof of the standard operating procedure for mailing such notices, as well as by submitting proof of the actual mailing of such notice to plaintiff through the affidavit of an employee with personal knowledge (see *Thibeault v Travelers Ins. Co.*, 37 AD3d 1000, 1001 [2007]; *Residential Holding Corp. v Scottsdale Ins. Co.*, 286 AD2d 679, 680 [2001]). Plaintiff's testimony that he never received the final notice is, without more, insufficient to rebut the presumption of receipt (see *Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229, 230 [2004]). Consequently, Supreme Court properly granted summary judgment dismissing plaintiff's contract claims.

Plaintiff further contends that he maintained a special services agreement with H & B and its principals and that they were negligent in failing to inform him when his payments were past due so that he could avoid cancellation of the policy. Generally, insurance agents are not liable for actions other than obtaining insurance coverage for their insureds, unless a special relationship has been established between the parties (see

*Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 438 [2003]). Here, H & B and its principals submitted affidavits and deposition testimony establishing that no special arrangement was made with plaintiff through which they agreed to notify him of past due payments and plaintiff was specifically informed that he would be directly billed by Leatherstocking. Significantly, plaintiff did not submit proof sufficient to raise a question of fact on this issue as plaintiff's deposition testimony indicates that his claim is based upon conversations that he had with one of H & B's principals regarding an unrelated commercial policy. Consequently, Supreme Court properly granted summary judgment dismissing plaintiff's negligence claim as well. We have considered plaintiff's remaining contentions and find them to be without merit.

Cardona, P.J., Mercure, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, with one bill of costs.