OPINION OF THE COURT
Christopher J. McCarthy, J.
By letter dated May 6, 2008, claimants were directed to resume prosecution of this claim and to serve and file a note of issue and certificate of readiness within 90 days of receipt of that letter or the claim would be subject to dismissal, without further notice, pursuant to CPLR 3216.
The court sets forth the history of this claim as follows:
Claimants filed a claim with the Clerk of the Court on July 3, 1996. Issue was joined when the State filed its verified answer with the Clerk of the Court on August 13, 1996.
By order dated February 7, 2003, Judge Alan C. Marin dismissed the claim pursuant to section 206.6 (f) of the Uniform Rules for the Court of Claims (22 NYCRR).
By decision and order, dated June 28, 2006, Judge Marin vacated the previous order and reinstated the claim.
Presiding Judge Richard E. Sise transferred the claim from Judge Marin to the undersigned Judge by order of transfer filed November 16, 2006.
These chambers scheduled telephone conferences on February 9, 2007 and March 19, 2007, at which time claimants’ attorney failed to appear and failed to contact chambers in that regard as directed.
By letter dated June 21, 2007, claimants were directed to resume prosecution of this claim and to serve and file a note of issue within 90 days of receipt of that letter or the claim would be dismissed, without further notice, pursuant to CPLR 3216. Service was attempted both by certified mail, return receipt requested and first-class mail. Both means of service were returned as undeliverable.
By letter dated August 1, 2007, claimants’ attorney provided chambers with updated contact information and therein, among other things, indicated that he would “welcome” a conference with the court.
By letter dated August 13, 2007, the court scheduled a telephone conference for September 13, 2007. Subsequent to *565 that correspondence, claimants’ attorney contacted the court and requested an adjournment. The court granted the adjournment, provided claimants’ attorney with proposed adjourned dates, and attorney Fagan was directed to contact defendant’s counsel and advise the court of the new conference date.
Having received no response from claimants’ attorney, the court, by facsimile transmission dated September 12, 2007, advised the parties that a telephone conference was rescheduled to September 18, 2007.
On September 18, 2007, a telephone conference was conducted and the court generated a daily report in that regard, which, among other things, directed claimants to serve and file the note of issue and certificate of readiness on or before March 20, 2008.
By letter dated April 9, 2008, the court advised claimants’ attorney that the note of issue was past due and further advised claimants’ attorney to contact chambers within two weeks thereof.
Having received no response to its April 9, 2008 letter, claimants were directed to resume prosecution of this claim and to serve and file a note of issue and certificate of readiness by letter dated May 6, 2008 as noted above.
The court’s letter was sent via certified mail, return receipt requested, and a copy was sent via first-class mail. The court received the certified mail, return receipt card signed for by one “C. Cupid”; however, the same was undated. Adding five days for mailing, as provided by CPLR 2103 (b) (2), 90 days therefrom was Sunday, July 13, 2008, which was extended to the next business day, or Monday, July 14, 2008 (see General Construction Law § 25-a). The letter sent via first-class mail has not been returned. The court has received no response to date and the note of issue and certificate of readiness has not been filed.
CPLR 3216 provides the general authority to dismiss a claim for failure to prosecute. In order to do so, all the statutory requirements for dismissal must be met: (1) issue must have been joined; (2) one year must have elapsed since the joinder of issue; and (3) a written demand must be served upon the party by certified or registered mail (CPLR 3216; Baczkowski v Collins Constr. Co., 89 NY2d 499, 503 [1997]). Service is complete when the demand is received (Indemnity Ins. Co. v Lamendola, 261 AD2d 580, 582 [2d Dept 1999]). When the demand is not *566 received due to, for instance, the failure to keep the parties and the court apprised of a change of address, then service is deemed complete when made in accordance with CPLR 2103 (Ellis v Urs, 121 AD2d 361, 361 [2d Dept 1986]). If the letter is not returned to the court by the United States Postal Service, it is presumed that it has been received (Holman v State of New York, Ct Cl, May 10, 2006, Fitzpatrick, J., UID No. 2006-018-517, claim No. 101699, motion No. M-71090; see Thibeault v Travelers Ins. Co., 37 AD3d 1000, 1001 [3d Dept 2007]).
Here, all of the conditions have been met. It appears that claimants’ attorney received the demand by certified mail, return receipt requested. Moreover, it was mailed to their attorney’s last known address and the letter sent by regular mail was not returned.
In accordance with chapter 156 of the Laws of 2008, which amends CPLR 205 (a), the court notes that the claim was filed over 12 years ago. The court notes that, pursuant to section 206.6 (f) of the Uniform Rules for the Court of Claims, changes in the address or telephone number of any attorney or pro se claimant shall be communicated in writing to the Clerk of the Court within 10 days of the change. The claim was dismissed by Judge Marin in 2003 for failure to comply with section 206.6 (f) and reinstated in 2006. Claimants’ attorney again failed to comply with the rules of this court requiring that he keep the court apprised of his current address in 2006 and 2007. Claimants now have failed to file a note of issue and certificate of readiness as directed and have failed to respond to the court’s inquiries and directives in that regard. Thus, the court determines that claimants’ attorney’s conduct demonstrates a general pattern of delay in proceeding with the claim. The court further concludes that claimants have neglected their claim and lost interest in prosecuting it.
Based upon the foregoing, it is ordered that the claim is dismissed based upon claimants’ failure to file and serve a note of issue as demanded.