The facts of this case have been set forth in our decision and order on a companion appeal (see Nocella v Fort Dearborn Life Ins. Co. of N.Y., 99 AD3d 872 [2012] [decided herewith]). Contrary to the conclusion reached by the Supreme Court, the defendants Bankers American Life Assur *878 anee Company (hereinafter Bankers American) and Union Security Life Insurance Company of New York (hereinafter Union Security) did not establish their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, as they did not establish, prima facie, that the policy of insurance issued to the plaintiff and his wife by Bankers American had been cancelled in 2000, or had otherwise been cancelled prior to the death of the plaintiffs wife in 2006. As Bankers American and Union Security relied upon the alleged cancellation of the policy as their basis for summary judgment, they “had the burden of proving as a matter of law that the policy was canceled prior to the date of the death of the plaintiffs [wife]” (Tracy v William Penn Life Ins. Co. of N.Y., 234 AD2d 745, 747 [1996]; see Abuhamra v New York Mut. Underwriters, 170 AD2d 1003 [1991]; Caprino v Nationwide Mut. Ins. Co., 34 AD2d 522 [1970]). Thus, Bankers American and Union Security were required to prove that the cancellation notice that allegedly was mailed to the plaintiff and his wife was received by them. In this regard, generally, “proof of proper mailing gives rise to a presumption that the item was received by the addressee” (Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679, 680 [2001]). The presumption of receipt by the addressee “may be created by either proof of actual mailing or proof of a standard office practice or procedure designed to ensure that items are properly addressed and mailed” (id. at 680; see Pardo v Central Coop. Ins. Co., 223 AD2d 832 [1996]; Colon v Nationwide Mut. Fire Ins. Co., 211 AD2d 579 [1995]).
Here, in support of their motion for summary judgment dismissing the complaint insofar as asserted against them, Bankers American and Union Security submitted an affidavit from Susan Budelis, wherein she asserted that her employer, Minnesota Life, handled the mailing of the subject cancellation notices on behalf of Bankers American. In addition, Budelis detailed the standard office practice and procedure that Minnesota Life used to ensure that items were properly addressed and mailed. However, Budelis failed to state, based on personal knowledge, that such practice and procedure was in place and used at the time Minnesota Life allegedly mailed, to the plaintiff and his wife, the subject cancellation notice or an alleged notice that the policy issued by Bankers American was to be replaced with a policy issued by Northstar Life Insurance Company (hereinafter Northstar). Rather, in a carefully worded affidavit, Budelis stated, in a vague and conclusory fashion, that “Minnesota Life has utilized the above-described process innumerable times over the years,” and that “I have confirmed that these procedures were followed to send the Notice to the Insured *879 Emigrant Customers, including [the plaintiffs wife,] Kathleen Nocella, on April 11, 2000.” Conspicuously absent from Budelis’s affidavit is any indication that she worked at Minnesota Life at the time of the subject mailing (see Heffernan v Village of Munsey Park, 133 AD2d 139, 140 [1987]; see also Carle Place Chiropractic v New York Cent. Mut. Fire Ins. Co., 19 Misc 3d 1139[A], 2008 NY Slip Op 51065 [U], *3 [Nassau Dist Ct 2008]; Acupuncture Prima Care, P.C. v State Farm Mut. Auto Ins. Co., 17 Misc 3d 1135 [A], 2007 NY Slip Op 52273[U] [Nassau Dist Ct 2007]; cf. Ramos v DeMond, 127 AD2d 751, 752 [1987]). Moreover, an electronic data entry allegedly recording the receipt of correspondence from the plaintiffs wife regarding a correction to her birth date makes no particular reference to any replacement policy issued by Northstar. Thus, it cannot be concluded, as Budelis claimed, that such a record clearly demonstrates that the plaintiff or his wife received the notice of cancellation of the Bankers American policy or a certificate of insurance referable to the purported replacement policy issued by Northstar.
Keeping in mind that “[fissue finding, rather than issue determination, is the key to summary judgment” (Matter of Corfian Enters., Ltd., 52 AD3d 828, 829 [2008]), we conclude that Budelis’s affidavit was insufficient to eliminate all triable issues of fact in connection with the presumption that the plaintiff and his wife received the notice of cancellation of the Bankers American policy prior to the wife’s death. Accordingly, Bankers American and Union Security did not establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the ground that the Bankers American Policy had been cancelled and was no longer in effect at the time of the death of the plaintiffs wife (see Tracy v William Penn Life Ins. Co. of N.Y., 234 AD2d 745 [1996]). Consequently, the Supreme Court should have denied their motion regardless of the sufficiency of the plaintiffs opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Belen, J.E, Lott, Sgroi and Cohen, JJ., concur.