■ Tower Insurance Company of New York, Respondent, v Ray & Frank Liquor Store, Inc., et al., Appellants. [960 NYS2d 310]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered December 15, 2010, following a nonjury trial, declaring that plaintiff is not obligated to indemnify or defend defendant Ray & Frank Liquor Store, Inc. in the underlying action, unanimously reversed, on the law, with costs, and it is declared that plaintiff is obligated to defend and indemnify Ray & Frank Liquor Store in the underlying action.

While the trial evidence shows that both the insured, Ray & Frank Liquor Store, Inc., and the claimant, defendant Luna, were delinquent in providing plaintiff with notice of the claim, there is no evidence demonstrating that plaintiff timely disclaimed liability (*see* Insurance Law § 3420 [d] [2]). A disclaimer letter indicating that it was sent by certified mail, return receipt requested, was admitted into evidence. However,

plaintiff failed to establish that the letter was mailed and therefore should be presumed received (*see Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229 [1st Dept 2004]). There is no return receipt in the record; plaintiff's only witness did not mail the letter himself—indeed, he was not yet employed by plaintiff on the date of the letter—and neither he nor anyone else testified as to plaintiff's regular office mailing practice and procedure. It appears that plaintiff's first disclaimer notice to defendants was the instant complaint. Concur—Gonzalez, P.J., Tom, Richter and Abdus-Salaam, JJ.