Bradley v William Penn Life Ins. Co. of N.Y. (2019 NY Slip Op 02054)





Bradley v William Penn Life Ins. Co. of N.Y.


2019 NY Slip Op 02054


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-08414
 (Index No. 7291/13)

[*1]Stephen Bradley, respondent-appellant,
v
William Penn Life Insurance Company of New York, appellant-respondent, et al., defendant.


Bleakley Platt & Schmidt, LLP, White Plains, NY (Robert D. Meade of counsel), for appellant-respondent.
Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls, NY (Darren H. Fairlie of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the defendant William Penn Life Insurance Company of New York appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Dutchess County (Peter M. Forman, J.), dated July 1, 2016. The order, insofar as appealed from, denied that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant William Penn Life Insurance Company of New York. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant William Penn Life Insurance Company of New York.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendant William Penn Life Insurance Company of New York is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendant William Penn Life Insurance Company of New York.
The plaintiff is the beneficiary of a $1,000,000 life insurance policy issued on or about May 18, 2007, to his father, Walter Bradley, by the defendant William Penn Life Insurance Company of New York (hereinafter William Penn). By its terms, the policy began on March 14, 2007, and would expire on March 14, 2037. Walter Bradley died on May 19, 2012. The plaintiff sought to recover under the policy, but William Penn disclaimed coverage on the ground that the policy was cancelled for nonpayment of the premium prior to the policyholder's death. The plaintiff then commenced this action against William Penn and the defendant Legal and General America to recover the proceeds of the policy.
The plaintiff moved, inter alia, for summary judgment on the complaint. The [*2]defendants cross-moved for summary judgment dismissing the complaint. In an order dated July 1, 2016, the Supreme Court denied the plaintiff's motion and that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against William Penn, holding that triable issues of fact existed as to whether the policy was properly cancelled. The court granted that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against Legal and General America on the ground that it was merely the parent company of William Penn and there were no allegations that it had exercised complete dominion and control over William Penn. William Penn appeals from so much of the order as denied that branch of the cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-appeals from so much of the order as denied that branch of its motion which was for summary judgment on the complaint insofar as asserted against William Penn.
The parties are in agreement that a policy was issued on or about May 18, 2007, to Walter Bradley, and that payment of the annual premiums was made each year through 2011. There is also no dispute that the payment due March 14, 2012, was not made. The dispute lies in whether the policy was in effect at the time of Walter Bradley's death, May 19, 2012, or whether it had been validly cancelled for nonpayment of the premium due March 14, 2012.
As relevant here, Insurance Law § 3211 provides that "[n]o policy of life insurance . . . delivered or issued for delivery in this state . . . shall terminate or lapse by reason of default in payment of any premium . . . in less than one year after such default, unless, for scheduled premium policies, a notice shall have been duly mailed at least fifteen and not more than forty-five days prior to the day when such payment becomes due" (Insurance Law § 3211[a][1]). The notice required shall "be duly mailed to the last known address of the policyowner" (Insurance Law § 3211[b][1]).
The plaintiff contended that William Penn failed to give notice of the premium due as required by Insurance Law § 3211 and, therefore, by virtue of the provisions of that statute, the policy continued for one year after the March 14, 2012, default in payment and was, thus, in effect at the time of Walter Bradley's death. William Penn contended that it complied with the statute and the policy was validly cancelled.
"The burden of proving valid cancellation of an insurance policy is upon the insurance company disclaiming coverage based on cancellation" (Lehrer McGovern Bovis, Inc. v Public Serv. Mut. Ins. Co., 268 AD2d 388, 389; see Tobias v Liberty Mut. Fire Ins. Co., 78 AD3d 928; Badio v Liberty Mut. Fire Ins. Co., 12 AD3d 229; Holmes v Utica Mut. Ins. Co., 92 AD2d 1045; Viuker v Allstate Ins. Co., 70 AD2d 295, 299). We agree with the Supreme Court that William Penn failed to meet that burden and, therefore, was not entitled to summary judgment dismissing the complaint insofar as asserted against it. The evidence submitted on the motion and cross motion established that William Penn was aware that the policyholder had changed his address, but it failed to send a notice of premium due to that last known address at least fifteen days prior to the day when such payment became due (see Imbrey v Prudential Ins. Co., 286 NY 434; Thibeault v Travelers Ins. Co., 37 AD3d 1000, 1001; Tracy v William Penn Life Ins. Co. of N.Y., 234 AD2d 745, 748). Consequently, in accordance with the statute, the policy remained in effect for one year after the March 14, 2012, premium due date (see Insurance Law § 3211[a][1]). Since the policy was in effect on the date of the policyholder's death, the plaintiff was entitled to summary judgment on the complaint insofar as asserted against William Penn (see Rivera v Allstate Life Ins. Co. of N.Y., 144 AD3d 658).
LEVENTHAL, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court