**Awal v Motor Veh. Acc. Indem. Corp.**

2024 NY Slip Op 33912(U)

November 4, 2024

Supreme Court, New York County

Docket Number: Index No. 153722/2023

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                          PART                    22M

*Justice*

------------------------------------------------------------------X

ROBIUL AWAL

INDEX NO.            153722/2023

MOTION DATE        04/22/2024

Petitioner,

MOTION SEQ. NO.        003

- v -

THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION
CORPORATION,

**DECISION + ORDER ON
MOTION**

Respondent.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 44

were read on this motion to/for          VACATE - DECISION/ORDER/JUDGMENT/AWARD .

Upon the foregoing documents, the motion by Respondent, the Motor Vehicle Accident Indemnification Corporation (MVAIC) moves, pursuant to CPLR 5015, to vacate the Court's order of May 25, 2023 (Order [NYSCEF Doc No. 28]), which granted petitioner Robiul Awal (Awal) leave to commence an action against MVAIC to recover for serious injuries he allegedly suffered when he was "struck in a collision by an unidentified vehicle" on May 15, 2022 (Petition ¶2 [NYSCEF Doc No. 1]).

MVAIC asserts that the Order must be vacated because it did not receive the Petition in 2023 and so a referral to its counsel, the Law Offices of Jaime E. Gangemi, was never generated, giving it a reasonable excuse for its default under CPLR 5015. Awal opposes this motion.

"A party seeking to vacate a default must demonstrate both a reasonable excuse and the existence of a meritorious defense . . . ." (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]). Such motion is timely if "made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party, or, if the moving party has entered the judgment or order, within one year of such entry" (CPLR 5015 [a] [1]).

153722/2023  AWAL, ROBIUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION
CORPORATION
Motion No. 003

Page 1 of 4

[* 1]

Awal's counsel e-filed a notice of entry with respect to the Order on May 31, 2023 (NYSCEF Doc No. 10), which annexed an affidavit of service, sworn to on May 31, 2023, attesting to its service by mail upon MVAIC at the 100 William Street address of MVAIC's counsel (*see* NYSCEF Doc No. 35). MVAIC e-filed its notice of motion and supporting papers herein less than 3 months later, on August 17, 2023, and so this motion is timely.

To meet its burden, it is incumbent upon Awal's counsel to present evidentiary proof of its regular "office mailing practice," sufficient to show that its petition "had been mailed and presumably received" (*Badio v Liberty Mut. Fire Ins. Co.*, 12 AD3d 229, 230 [1st Dept 2004]). It must also submit proof that its service of process satisfies the requirements of the CPLR.

MVAIC is a non-profit organization created by the New York State Legislature to provide No-Fault and Bodily Injury coverage for eligible claimants seeking to recover benefits under Article 52 of the New York State Insurance Law. As such, MVAIC is amenable to service of process through its registered agent or New York's Secretary of State under Section 306 of the Not-for-Profit Corporation Law.

Awal, however, chose to employ personal service by mail under CPLR Section 312-a, which provides, in pertinent part, that "[a]s an alternative to the methods of personal service," a

> "notice of petition and petition may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the. . . notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with return envelope, postage prepaid, addressed to sender."

Assuming, but not deciding, that service under section 312-a may be effective in these circumstances, and that his non-compliance with Section 306 of the Not-for-Profit Law did not prevent him from acquiring personal jurisdiction over MVAIC, Awal has not shown that it has satisfied the requirements of Section 312-a (*see Matter of Jiggetts v MTA Metro-North R.R.* (121 AD3d 414, 414-15 [1st Dept 2014] [affirming dismissal for failure to acquire personal jurisdiction, where petitioner fails to tender service to authorized corporate representative under CPLR 311 [a]

153722/2023  AWAL, ROBIUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION
Motion No. 003

Page 2 of 4

[* 2]

2 of 4

[1], and failed to include copies of the "statement of service by mail" and "acknowledgement of receipt" required by CPLR 312-a [a]).

As proof of service, Awal submits the affidavit of Michelle Charran-Mangal, sworn to April 27, 2023, before a New York State notary public. Affiant swears that she "served the within Notice of Petition, Request for Judicial Intervention with supporting papers" on MVAIC at their William Street address in Manhattan, by depositing true copies of those documents in a pre-paid envelope, into a U.S. Postal Service receptacle in New York State (NYSCEF Doc No. 38). Affiant does not state what other documents petitioner included "as supporting papers," or state whether service was ever completed under subsection CPLR 312-a (b). Furthermore, neither Affiant nor Awal's counsel submit proof of office mailing practice sufficient to show that the petition and supporting documents had been mailed and were presumably received (*Badio, supra*).

Subsection (a) of CPLR Rule 306 requires, among other things, that proof of service "specify the papers served" and "set forth facts showing that the service was made by an authorized person and in an authorized manner." Awal's proof of service of the Petition, however, fails to state that his mailing included copies of the statements of service by mail and acknowledgements of receipt, or a prepaid, self-addressed return envelope, as required by CPLR 312-a (a). At the very least, Awal's failure to effectuate service properly under 312-a (a) excuses MVAIC's default.

MVAIC asserts it has several meritorious defenses to offer. For example, it notes that Awal failed to satisfy the condition precedent of filing a sworn affidavit with it within 90 days of the accrual of his cause of action, showing that he has a cause of action falling within the ambit of the statute, or to provide a reasonable excuse as to why he has failed to do so (affirmation of Kawansi Taylor, Esq. [Taylor affirmation], ¶ 23 [NYSCEF Doc No. 27], *citing* Ins Law § 5208 [a][2][A] and [b][2][A], [B], and [C]).

MVAIC asserts that Awal filed his Notice of Intention to Make Claim, executed on January 30, 2023, on or about February 7, 2023 (*see* ex E to Taylor affirmation [NYSCEF Doc No. 32]). Awal's accident occurred on May 15, 2022 (*id.*), so Awal's filing was made months past the statutory deadline. This is a sufficient showing by MVAIC to satisfy its prima facie burden (*Tat*

**153722/2023  AWAL, ROBIUL vs. THE MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION**
**Motion No. 003**

**Page 3 of 4**

[* 3]

3 of 4

*Sang Kwong v Budge-Wood Laundry Serv., Inc.*, 97 AD2d 691, 692 [1st Dept 1983] ["It [is] not necessary for [a] defendant to establish its defense as a matter of law but merely to set forth facts sufficient to make out a prima facie showing of a meritorious defense"]). Accordingly, it is

**ORDERED** that respondent The Motor Vehicle Accident Indemnification Corporation's motion to vacate the Court's Order dated May 25, 2023, pursuant to CPLR 5015, is hereby granted; and it is further

**ORDERED** that respondent shall serve a copy of this order with Notice of Entry on the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

**ORDERED** that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the Court's website at the address www.nycourts.gov//supctmanh).

This constitutes the Decision and Order of the Court.

| 11/4/2024 | | | | |
|---|---|---|---|---|
| DATE | | | JAMES G. CLYNES, J.S.C. | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]